State vs Herdic Coach Company.

No. 8671.

THE STATE OF LOUISIANA VS. THE HERDIC COACH COMPANY.

Where in a proceeding on the part of the State to have declared by judicial decree the for-feiture of the charter of a private corporation, on the ground of a fictitious issue of stock and insolvency, and the appointment of a liquidator is asked for, and an injunction ob-tained restraining the liquidators appointed by the Company from disposing of the prop-erty of the Company or settling its affairs, a judgment dissolving the corporation, forfeiting its charter and recognizing the liquidators appointed by the Company and authorizing them to act and dissolving the injunction, will not be disturbed, in the absence of any complaint on the part of either creditors or stockholders, and the corporation is not in debt, and when it is manifest that the action of the Company's liquidators offer no just cause of complaint.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*J. C. Egan*, Attorney General, and *Geo. L. Bright* for Plaintiff and Appellant

*W. S. Benedict* for Defendant and Appellee.

The opinion of the Court was delivered by

, TODD, J.  This is a proceeding on the part of the State through the Attorney General to procure a dissolution of the Herdic Coach Company and a forfeiture of its charter by judicial decree.

The petition charges substantially :

That the said Company or corporation had issued, in violation of law, fictitious stock, and without requiring money for said stock; that it had suspended payment of its debts and was insolvent; that certain persons named were acting as liquidators of the Company and dispos-ing of its property to the injury of its creditors and stockholders.

The prayer of the petition was that judgment be rendered dissolving the Company; that a liquidator be appointed to collect its debts, re-ceive its assets and liquidate its affairs, and that an injunction issue restraining the Company, its officers, employees and acting liquidators from managing and administering its affairs or disposing of its property.

The injunction asked for was granted.

A motion to dissolve the same was filed, which charged, in sub-stance, that the allegations in the petition were untrue, and " that there was no cause of law or of fact existing that would authorize the issuance of the writ."  This motion being overruled, the defendant answered by a general denial and a reiteration of the grounds of the motion for the dissolution of the injunction, which were made part of the answer.

There was judgment dissolving the Company and decreeing a forfeiture of its charter and recognizing the liquidators appointed by the Company and authorizing them to liquidate its affairs, and dissolving the writ of injunction.

From this judgment the State appeals, and complains of that part of the decree which recognizes the liquidators appointed by the Company and dissolves the injunction.

It is contended on behalf of the State that there was no authority in the court to appoint or recognize a liquidator or liquidators. That such appointment could only be made by a court where the charter of a corporation was forfeited by reason of insolvency, and that this proceeding was instituted under Sec. 1612 of the Revised Statutes, which provides that, in the event of the forfeiture of the charter of any corporation by a decree of court, the Governor shall appoint a liquidator.

Art. 238 of the State Constitution provides: "No corporation shall issue stock nor bonds except for labor done or money or property actually received, and all fictitious issues of stock shall be void; and any corporation issuing such fictitious stock shall forfeit its charter."

It is admitted that there was in this instance such fictitious issue of stock, and the correctness of the decree declaring the forfeiture of the charter for such cause is not questioned.

It is, however, shown that the corporation is not insolvent, as charged; that it had never suspended payment, but, on the contrary, that it does not owe a cent.

It also appears that the stockholders of the concern before this proceeding was instituted, as authorized by law and under a special provision in the charter of the Company, had dissolved the Company and entrusted the liquidation of its affairs to three liquidators selected by them, who proceeded to effect such settlement, which was pending when this suit was brought.

It is not shown that there is any complaint on the part of any stockholder, on account of said proceedings or the action of the liquidators, and, as stated, there are no creditors to complain.

Under this state of facts, even if the charter of the Company could have been properly forfeited for the special cause assigned, we see no reason why the liquidators appointed by the Company should not be permitted to wind up its affairs in the mode adopted by all the parties in interest and why a liquidator should now be appointed by the Governor to interfere with its liquidation and remove the assets of the Company out of the hands of those chosen to administer them.

Section 1622 of the R. S., under which this proceeding purports to have been instituted, was evidently framed for the purpose of protecting

State vs. Herdic Coach Company.

the rights of creditors or stockholders of corporations whose charters have been decreed forfeited. This is evident from the language of the Section, which, after providing for the appointment of a liquidator by the Governor, proceeds to declare that such liquidator is " to take charge of and liquidate the affairs of the corporation, *as in case of insolvencies of individuals.*" And it does seem to us to do violence to the spirit of the statute when there is no insolvency, no debts, and in the absence of all complaint from the stockholders or others interested, that the right to settle its affairs through its own liquidators should be denied the Company, and its property and assets should be wrested from its liquidators and put into the hands of an appointee of the Governor. We cannot imagine how such a proceeding could afford protection to any one having an interest in the stock or property of the corporation; or how, in view of the voluntary action of the stockholders and the perfect security to their rights guaranteed by such action, and the absence of all debts, this proceeding of the State could be sanctioned, except upon the hypothesis that with the forfeiture of the charter there followed a forfeiture also to the State of all the property and assets of the Company. A proposition which, it is needless to say, is wholly untenable and not likely to be advanced.

Under the state of facts presented, the Judge *a quo*, whilst by his judgment declaring the charter forfeited, declined to disturb the settlement pending of the affairs of the Company and to remove the liquidators selected, or to interfere with their proceedings. For the reasons assigned above, we think his conclusions correct.

Judgment affirmed with costs.

### DISSENTING OPINION.

POCHÉ, J. In my opinion, that part of the judgment appealed from which dissolved the injunction obtained by the State and recognized the liquidators appointed by the Company is glaringly erroneous, and should have been reversed.

Under our law, the unavoidable legal effect of the judgment of forfeiture was that the Company's affairs should have been liquidated by a commissioner appointed by the court, whose administration should have been guided by the court, and enforced by oath and security; or by a liquidator appointed by the Governor.

The first mentioned mode of liquidation takes place when the forfeiture of the charter is predicated on the insolvency of the corporation. (R. S. Sec. 688.) The latter must be ordered when the forfeiture is decreed for any other reason. R. S. Sec. 1612.

In either case, and whenever the charter is forfeited by judicial action, the clear intention of the law is to deprive the corporation of

the power of self-liquidation, and to place its assets under the control of the State authorities, for the benefit of creditors or stockholders, as the case may be.

In this case, it appears from the record that the forfeiture of the defendant's charter was predicated on its wanton violation of the organic law of the State, Art. 238 of the Constitution, by issuing fictitious stock, in consequence of which the State had the manifest right of controlling the liquidation of its affairs.

It is perfectly immaterial that the corporation is shown to be solvent, and that no complaint is made by any stockholder.

The State alone has the authority to judicially demand the forfeiture of a charter created by itself. *In re* Mechanics' Society, 31 An. 631.

When the State acts through its proper representative, the Attorney General, the act is complete, without the assistance or co-operation of any party in interest. Without the intervention of the State no judicial forfeiture of the charter can be obtained, even if demanded by the stockholders themselves, or by any number of creditors or other persons in interest. State vs. Atchafalaya, 5 R. 63. These views are recognized by ourselves in the opinion in the case of the Louisiana Savings' Bank, to be read this very day.

A judgment of forfeiture of the defendant's charter, for violation of the law, is absolutely incompatible with the recognition of the authority of liquidators appointed under the provisions of the charter; that part of the judgment practically defeats the effect of the judicial forfeiture of the charter, which means nothing else than a liquidation under the authority of the State. State vs. Haynes, 12 An. 285.

For those reasons I dissent from the opinion and decree of the majority of the Court in this case.

Rehearing refused.