No. 13,082.

STATE EX REL. COLUMBIA DEBENTURE COMPANY, LIMITED, VS. JUDGE DIVISION "B," CIVIL DISTRICT COURT, PARISH OF ORLEANS.

SYLLABUS.

To suspend the execution of a decree obtained by the State annulling the charter of a corporation or enjoining persons claiming to be incorporated from acting as corporators, and appointing a receiver, a bond sufficient in amount to cover costs will suffice.

ON APPLICATION for writs of *mandamus* and prohibition.

*E. T. Florance* for Relator.

Respondent Judge *pro se.*

*M. J. Cunningham,* Attorney General, *F. E. Rainold* and *Stifft & Madison* for the State of Louisiana.

Submitted on briefs February 8, 1899.
Opinion handed down February 20, 1899.

The opinion of the court was delivered by

MILLER, J.   In the suit brought by the State to enjoin the relator from exerting its alleged corporate functions, there was judgment decreeing the asserted charter void and null, enjoining the officers of the alleged corporation from acting and appointing a receiver to take charge of the property.   From this judgment the relator applied for a suspensive appeal on a bond for costs, which application the court

.denied, and fixed the bond at one-half the cash assets of the corporation disclosed by the testimony, the bond being thus fixed at forty-.six thousand dollars.

The law prescribes the amount of the bond to be given for the suspensive appeal from the judgment condemning the appellant to pay a .specific sum, and fixes the amount of the bond for such appeal when the judgment decrees the delivery of movable or immovable prop-.erty. Code of Practice, Articles 574, 575, 576 and 577. The Code .then prescribes a bond for costs to serve in other cases. Code of Practice, Article 578. There being no other rules in the Code of Practice relative to the amount of appeal bonds, our jurisprudence is .settled that in the large class of cases in which the appellant is not .condemned to pay money, or deliver property, a bond for costs will .suffice for a suspensive appeal. State of Louisiana vs. Judge of the First District, 19 La. 167; Blanchin vs. Steamer Fashion, 10 An. 345; Bank of America vs. Fortier, 27 An. 243. The relator contends the principle of these decisions governs the amount of the bond to be furnished in this case for a suspensive appeal. The precise question presented to the lower court, and to this court, on the application for the *mandamus;* has never hitherto arisen. Our learned brother of the lower court, after careful examination, has reached the conclusion that the bond must be for the amount prescribed by Article 574. The State is the plaintiff in the suit. It asserts no money demand, nor claims any property. We find great difficulty in applying the rule for the amount of this appeal bond, that finds it natural, we do not say exclusive, application when the judgment to be suspended enforces the money demand of the plaintiff, or for the delivery of the property. On this application we must consider the relation of the State to the subject matter of the controversy. It is in court to procure the decree annulling the pretended charter of the corporation. The proceeding is by the Attorney General under the law authorizing suit by him, "when any association or number of persons shall act within this State as a corporation without being duly incorporated," Revised Statutes, Section 2593, paragraph 3; or if the suit is to be viewed as seeking the forfeiture of a subsisting charter for violation of its conditions, or abuse of its privileges, then the decree of forfeiture is the object the suit is to accomplish. Civil Code, Article 427: Atchafalaya Bank vs. Dawson, 13 La. 497; State *ex rel.* Lannes vs. Attorney General, 30 An. p. 954. In the legislation of

1842 (no longer in force), for the liquidation of insolvent banks, the decree of forfeiture was to be followed by the appointment of com- missioners. We have no such legislation now, though there is the provision that when the charter of any corporation shall be decreed forfeited, the Governor shall appoint a liquidator. Revised Statutes, Section 731. In our view, the State in Court, under the law, to obtain the decree enjoining the defendant from acting as corporators of an alleged corporation, and the decree that they have no corporate capacity, has no interest or right to demand the bond to suspend the decree rendered by the lower court prescribed by articles of the Code of Practice of ready application, if the judgment sought to be sus- pended was that in favor of a receiver suing for money or property.

If the State had any pecuniary interest in this controversy we might find room to apply the precedent furnished in an early decision. not exactly analogous, but instructive. The plaintiff in injunction in that case furnished a bond for costs to suspend the decree dissolving the injunction. The injunction thus kept in force by the bond for costs only, prevented the defendant in injunction from enforcing a large money demand secured by mortgage. The court, on the appli- cation for the writ of prohibition to restrain the mortgage creditor from proceeding, sustained the bond for costs as sufficient for the suspensive appeal, but in view of the insufficiency of the bond given by plaintiff for the injunction, required the relator to file in this court an additional bond to secure such damages as the mortgage creditor might sustain by the injunction. State of La. vs. Judge of the First District, 19 La. 167. The State in this case has no pecu- niary interest to protect, and is not required to interpose to protect shareholders or creditors of an association claimed to be unlawful and fully competent to protect themselves.

It is therefore ordered, adjudged and decreed, that the *mandamus* herein issued be made peremptory, and that the relator be allowed a suspensive apppeal as of the date of the tender of its bond for an amount sufficient to secure costs.