No. 14,047.

STATE OF LOUISIANA vs. NEW ORLEANS DEBENTURE REDEMPTION COMPANY, LIMITED.

### SYLLABUS.

1. Where an association is carrying on business claiming corporate capacity and corporate protection, the State has the right, by judicial action, to test its claims, both as to its organization and as to the business it is conducting, being such as falls within the permissive terms of statutes authorizing the creation of corporations.

2. It has the right to hold matters in abeyance by injunction, for the protection of all parties in interest, until the termination of such a suit. Its duty ends when it has caused to be set aside the association's claim to corporate capacity and protection. It is not charged with the duty of protecting rights of parties placed in position to protect themselves.

3. The mere fact that the affairs of such an association have been prematurely or irregularly settled by those having actual control of its assets, furnishes no ground for the appointment of a receiver at the instance of the State itself, when all debts have been paid and all parties in interest are satisfied and the business in the State has ended. The State is no longer concerned in the matter.

A PPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

---

*Walter Guion,* Attorney General (*Milton Joseph Cunningham* and *Frank E. Rainold,* of Counsel), for Plaintiff, Appellee.

---

*Pierson & Pierson* and *Walter H. Rogers,* for Defendant, Appellant.

## STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The judgment of the District Court was in favor of the plaintiff, the State of Louisiana, and against the defendant decreeing " the pretended charter under color of which the defendant claims corporate existence to be null, void and of no effect, and that the president, secretary and general manager and the officers, agents, directors and members of said so-called corporation are and have ever been without legal authority to act in a corporate capacity in the name of the New Orleans Debenture Redemption Company of Louisiana, Limited, and under color of its pretended charter. It further ordered that the injunction heretofore issued prohibiting and restraining said company, its officers, directors, agents and representatives from removing the assets and funds of said company from this State or beyond the jurisdiction of this court, from receiving any money or instalments from its debenture holders, from paying out any money on surrender or withdrawals, or on redemption of debentures, from making loans on and from forfeiting any of said debentures, or the rights of any of the holders thereof, be now confirmed and made absolute. And it is further ordered and adjudged that said company, so-called, its officers, agents and representatives and members be further perpetually enjoined and restrained from acting in a corporate capacity."

After this judgment was rendered on motion of the Attorney General, the District Court recognized the appointment and commission of the Governor issued to August M. Benedict, and ordered that a commission issue to him as liquidator. These judgments were appealed to the Supreme Court. The Supreme Court affirmed the first judgment, but annulled the order issued by the court recognizing Benedict as liquidator, and left at large the question of the appointment of a receiver. On rehearing this court said:

" The whole question as to the appointment of liquidator or receiver was left at large, and to be considered as an original question whether the appointment of liquidators or receivers lies with the Governor or of receiver with the court or the parties in interest we do not determine. It is left an open question."

In April, 1901, the State, through the Attorney General, filed a petition in the District Court in which, after referring to the fact that the order recognizing Benedict, liquidator, had been vacated and to the

decree of the Supreme Court on that subject it alleged that the cause was remanded for further proceedings with the express reservation to the State of Louisiana and all other parties in interest of all rights under the law relative to the appointment of a receiver or liquidator. That since the rendition of the judgments in the case the Legislature had passed Act No. 26 of 1900 giving the court the right and power, on application of any party in interest or on application of the Attorney General, to appoint a receiver to take charge of the property and effects of any corporation which has ceased to exist or whose charter has been repealed without providing for the liquidation of its affairs. That, therefore, the appointment of Benedict by the Governor as liquidator should be confirmed, but that if it should be held that Act No. 26 of 1900 is applicable to this cause and has repealed Section 731 of the Revised Statutes, then a receiver should be appointed to take charge of and liquidate the affairs of the defendant company.

The prayer of the petition was that Benedict be recognized as the liquidator of the New Orleans Debenture Company of Louisiana, Limited, under the appointment of the Governor; that he be directed to take charge of the affairs of the defendant company and to liquidate them and in the alternative should it be held that Act No. 26 of 1900, or any other law, has repealed Section 731 of the Revised Statutes, a receiver be appointed with such powers as may be necessary and proper; that an inventory be made of all the property and effects belonging to the defendant company, and that the officers of said defunct corporation be directed to turn same over to the liquidator or receiver and to likewise turn over to either of them the books, documents, papers, etc., of said defunct corporation or company that the entire question of the liquidation of the defendants' affairs be considered and determined; that all the intervenors as well as the defendant be ordered to show cause why the prayer of the petition should not be granted and for such other and general relief as the nature of the cause may demand.

This petition was ordered to be filed and notice entered in the Receivership Order Book of the court and the defendants were ordered to show cause why the prayer of the petition should not be granted. The petition and order were ordered to be served upon J. F. Pierson, attorney of record, of all the intervenors.

· The New Orleans Debenture Redemption Company of Louisiana,

Limited, filed an answer through Pierson & Pierson signing as attorneys for defendant. It excepted.

1st. That the defendant company was an unincorporated association without the capacity or authority to appear or defend in the rule.

2nd. That the necessary and proper parties had not been joined or notified or made parties to defend the rule. That all the individuals, parties to the record, who were before the Supreme Court, whose rights were there reserved, and with whom contradictorily to be tried, this issue was remanded, should be notified and joined as defendants in the rule.

3rd. That same are the real parties in interest and judgment could not properly be rendered without notifying and making them parties.

Should these exceptions be overruled, defendants further excepted.

4th. That the State exhibited no interest in herself to these proceedings.

5th. That Section 731 of the Revised Statutes had been repealed by the Constitution of 1898—Articles 16, 17 and 133, and by Act No. 159 of 1898, and the rule taken was not authorized by any law of the State.

6th. That the appointment as liquidator, made by the Governor on March 6th, 1899, had been annulled and set aside by the Supreme Court on appeal and could not be recognized or confirmed by the court.

7th. That said appointment was made by the Governor in violation of the Articles stated by the Constitution, and there was no law authorizing the Governor to appoint a liquidator or receiver in this case.

Under reservation and benefit of these exceptions, defendant answered, pleading, first, the general issue, and further answering it averred that all of its affairs and liabilities had been settled at least as far as it was practicable to do and as far as any liquidator or receiver could do, and there was practically nothing that a liquidator or receiver, if appointed, could do in this case and no legal reason or necessity existed for the appointment of such. That full and adequate provision for the full liquidation and settlement of all the affairs and liabilities of the association had long since been made by the mutual consent and joint action of all the parties in interest and same had been carried into effect and full adjustments and settlements of all its

liabilities and affairs had been made mutually between all the persons and parties in interest except a small and insignificant amount of liabilities in favor of a few parties whose whereabouts, after due and continued advertisement in the daily newspapers of this city, could not be ascertained. That such liabilities did not amount to more than three or four hundred dollars, as to which due and adequate provision had been made for the payment on presentation and as soon as said parties could be located said liabilities would be settled, and the defendant association was ready and willing to enter into and give any necessary bonds and securities which the court might require for the prompt settlement and payment of all said outstanding liabilities on presentation thereof to H. B. Bayne of New Orleans, or other suitable person to be designated by the lawful owners and holders thereof.

That a liquidator or receiver, if appointed, could do no more than had already been done in the liquidation or settlement of said affairs and liabilities, and the appointment by the court at that time of a receiver was not authorized or warranted by law and could only result in the accumulation of unnecessary and useless court costs and attorneys fees. In the event, however, the court should hold that the appointment of a liquidator was necessary or proper (which was denied), then and in that event only it averred that H. B. Bayne was the most competent and fit person to be appointed. That he was in every way more familiar with the affairs of the association than any other person, and was in every way a competent and suitable person to be appointed receiver.

The defendant prayed that the demand of the plaintiff in rule be rejected and the rule be dismissed, but, contingently, that Bayne be appointed receiver.

W. H. Rogers, who was president of the defendant corporation at the time of the institution of the suit against it by the State, and at the time of the final judgment in the cause, first excepted and under reservation of the same answered. The exceptions were substantially those already referred to. The answer consisted of a general denial, followed by special allegations, contesting the right and necessity of appointing a receiver. He averred that, by final judgment, the defendant corporation had been perpetually enjoined from acting as a corporation; that all its corporate franchises at any time exercised by it had been annulled and set aside and in all respects defendant had acquiesced in the judgment. That the corporation was not and never had been in-

solvent, but was able and prepared to respond to any claim or charge that might be legally presented. That it was not without personal representation in New Orleans and in the State, and either through the president or stockholders residing in New Orleans might at any time and all times be reached. That all its obligations were represented in written contracts and obligations, and beyond said written contracts and obligations it had and could have no outstanding claims against it; that as it was its right and was its duty to do it had without charge or expense to those having claims against it liquidated and discharged its said indebtedness. That as expeditiously as possible it was liquidating and retiring its outstanding claims. That it appeared from an account and affidavit of J. P. Williams, secretary and treasurer of the defendant company, which he annexed of date April 1st, 1901, there were forty-six debentures upon which there were dues to the sum total of $1042, and since that date, as appeared from the affidavit of the president, $538.59 had been paid, thus leaving at the date of the answer debentures representing a total of $503.58, which amount defendant holds, payable on presentation. That all the acts of the defendant in the premises were in strict accordance with its rights and in addition thereto they were urged and granted by ninety per cent. of those who held and owned the said obligations.

A supplemental answer and exceptions were filed by the defendants to the effect that the New Orleans Debenture Redemption Company, Limited, was never a corporation authorized under the laws of Louisiana, nor one oragnized according to law in the State and the State was barred and estopped from asserting or contending judicially or otherwise that the same was, or ever had been, a corporation by the judgment of the District Court rendered at the instance and procurement of the State, and which judgment was affirmed by the Supreme Court decreeing that association was not authorized by law or organized according to law, which judgment formed *res judicata* and estopped the State from pleading or asserting to the contrary. They excepted *de novo* that the State was without interest in the subject matter involved in the rule or authorized by any law to take the action it did; also they denied that any law of the State authorized or warranted the appointment of a receiver or liquidator in the cause under the rule filed or the allegation or facts declared therein.

The District Court rendered judgment making absolute the rule taken by the State and appointed William C. Dufour receiver of the

New Orleans Debenture Redemption Company of Louisiana, Limited, and defendants appealed.

Section 731 of the Revised Statutes of 1870 declares that whenever the charter of any corporation in this State shall be declared forfeited by any competent court, the District Attorney of the district shall forthwith inform the Governor of the fact, who shall thereupon appoint a liquidator to take charge of and liquidate the affairs of the corporation as in case of insolvencies or individuals.

In 1898 the General Assembly passed Act No. 159 of that session entitled "An Act to authorize and regulate the practice of appointing receivers of corporations under Article 109 and 133 of the Constitution."

The Act is composed of eleven sections. The first section declares that the several District Courts of the State are empowered to appoint receivers to take charge of the property and business of corporations domiciled in and of the property of foreign corporations actually located therein, enumerating in eleven clauses the conditions under which the power can be exercised. In none of these cases does the court act of its own motion. In all of these cases judicial action is predicated upon application made to it either by one or more creditors or one or more stockholders and the State is nowhere mentioned.

In 1900 the General Assembly enacted Act No. 26 of the session of that year an "Act to authorize the *appointment of receivers in all cases of defunct corporations.*" It provides that in all cases where any corporation, possessed of property, rights or credits, has ceased to exist or its charter has been repealed without providing for the liquidation of its affairs, the District Court having jurisdiction of the place where said corporation was in existence, shall have the right and power, on the application of any party in interest, and where no individual is personally interested, and on the application of the Attorney General, to appoint a receiver to take charge of the property and effects of corporation, to collect whatever debts, claims or rights it may have, and to pay the debts of said corporation and finally liquidate the same. The third section of the Act declared that all laws or parts of laws in conflict therewith were repealed.

The third clause of Act No. 159 provided for the appointment of a receiver when the property of the corporation was abandoned or when by failure of the stockholders to elect or the refusal of the officers to serve, there was no one authorized to take charge of or conduct its

affairs. In such case the appointment was to be made by the court at the instance of any stockholder or creditor.

The seventh clause provided for the case of a receiver where the corporation had been adjudged, not organized according to law or pursuing any business calling or avocation contrary to law. In such case the appointment was to be made by the court at the instances of any stockholder or creditor.

The association to take charge of whose assets and to liquidate its affairs, a receiver is asked in this case, never held the status of a corporation. It pursued a business under a claim of being such, which was against public policy and in the carrying on of which no law of the State authorized the creation of a corporation. The parties who organized it did not hold a legislative charter, but thought proper to assume themselves that under the general law authorizing citizens to create corporations by notarial act, the purposes they had in view were of character such as to fall under permissive provisions of the statutes. So soon as the State officials were advised that it was pursuing business, claiming to act under the authority of the law and under its protection, an injunction was issued to prevent the further continuance of business as corporation by it, and at their instance it was judicially decreed that it was not such business as would authorize the creation of a corporation to carry it on, and the association had never been legally such.

As this court declared in State ex rel. Columbia Debenture Co., 51 Ann. 467, the State had no pecuniary interest in the subject matter of the action. The interest which it had was that which every person has to uncover and determine the action of another who should be professedly acting under and by virtue of his authority, particularly when such action is injurious to third parties.

The State had the right, as this court declared, to take the action it did and to hold matters in abeyance by injunction for the protection of all parties in interest until the termination of the suit. When that point had been reached and those parties had been placed in position to guard individually their own interests free from any question of estoppel, the State has performed its whole duty in the premises. It is not charged with the duty of championing the rights of parties who are themselves able to take care of them.

The effect of our judgment was to establish, judicially, that the so-called corporation was then nothing more and had been nothing more,

*ab initio,* than a number of private individuals engaged in the business they were carrying on under false pretensions to corporate rights and protection. That the assets of the concern were individual and not corporate assets and the liabilities were individual and not limited corporate liabilities. (Starke vs. Burke, 5 Ann. 741; Factors Insurance Co. vs. New Harbor Protection Co., 37 Ann. 239; Fleitas vs. City of New Orleans, 51 Ann. 17.) Every stockholder became liable at once to direct action at the instance of parties who had dealt with the association as a corporation. (Williams vs. Hewitt, 47 Ann. 1081.) The property and the liabilities being those of individuals, the State had no control over them through civil proceedings, unless under some special conditions which are not claimed to be presently existing. Had the persons who attempted to form a corporation, and to have it engage in business as such, not done this, but engaged in precisely the same business which the corporation would have carried on had it been organized, and had they incurred precisely the same liabilities and held the same assets, it would not be claimed that the State, of its own motion, could initiate civil proceedings to guard or protect the rights of individual creditors or stockholders. It is not charged that the parties connected with the association have attempted to act as a corporation, or done business as such since the institution by the State of its action, to have it declared that there was no such corporation as the New Orleans Debenture Redemption Company, nor that it has at present any outstanding liabilities, and had such allegation been made the evidence in the record would have disproved it. It is not intended that the action of the State was based upon any application to the Attorney General, or to the court for relief. There is no stockholder or creditor seeking redress, as required by the seventh clause of the act of 1898, nor has the property of the association been abandoned by those having charge of it. The evidence shows that all debentures issued have been surrendered, and all liabilities met and discharged except for an insignificant amount which has not been discharged, simply because not presented, and that the parties concerned are able and willing to pay the same. It is claimed, however, that this liquidation has been brought about irregularly and prematurely; that all the parties should have waited until a receiver had been appointed and permitted him to liquidate. If the parties in charge of the affairs of the association had, in making the liquidation, done so unjustly or improperly, and there had been complaints on that score, there might

have been some ground for interference, but such is not the case. All parties are satisfied. Assuming that the liquidation was premature and even irregular, the penalty for an irregular and premature liquidation is not a useless and costly receivership. If there was a violation of the injunction in any way by the action of the parties in charge, the remedy was a proceeding for contempt taken in time. Receivership, after everything has been settled and liquidated, is not a substitute for a proceeding for contempt.

We see no useful purpose to be subserved by a receivership, and we see no legal interest in the State to act in the matter.

For the reasons assigned, it is ordered, adjudged, and decreed, that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered and decreed that the demand of the State be rejected and the rule taken in its behalf herein be dismissed.