240         CONLAN v. OUDIN.

Opinion Per Hadley, C. J.         [49 Wash.

[No. 7057. Decided April 8, 1908.]

Thomas F. Conlan, *Respondent*, v. Charles P. Oudin *et al.*,

*Appellants.*[1]

Corporations—Dissolution—Authority of Trustees. Bal. Code, § 4274, making the trustees of a corporation upon its dissolution the trustees of the stockholders and creditors with power to settle up affairs, was intended to apply to voluntary and not to involuntary dissolutions.

Same—Receivers—Jurisdiction to Appoint—Parties Plaintiff. The last sentence of Bal. Code, § 5790, providing that upon the involuntary dissolution of a corporation, the prosecuting attorney shall at once institute proceedings for a receivership, is only directory, and does not preclude the institution of proceedings by any interested party.

Same—Showing of Necessity. Under Bal. Code, § 5790, a receiver may be appointed upon the involuntary dissolution of a corporation without a showing as to any necessity therefor.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 2, 1907, upon the pleadings, appointing a receiver upon the involuntary dissolution of a corporation. Affirmed.

*Gallagher & Thayer*, for appellants.
*R. L. Edmiston*, for respondent.

Hadley, C. J.—This action involves a contest over a receivership for the assets of a dissolved corporation. In another action brought by the state of Washington on the relation of Thomas F. Conlan, who is also the plaintiff in this case, the Oudin & Bergman Fire Clay Mining & Manufacturing Company, a corporation, was, by a judgment of the court, dissolved. The fact of such dissolution was alleged in the complaint in this action, and furthermore, that the defendant Charles P. Oudin was, at the time of the dissolution and now is, in possession and control of all of the assets and property

[1]Reported in 94 Pac. 1074.

of the estate of the corporation; that at no time did the board of trustees of the corporation consist of more than two persons, and that at the time of the dissolution, and for more than three years prior thereto, the defendant Charles P. Oudin was the only trustee thereof; that during said time Oudin was engaged in organizing and managing a rival pottery corporation; that at the time of the dissolution, the capital stock consisted of $150,000, divided into fifteen hundred shares of the par value of $100 per share; that the plaintiff was the owner of seven hundred and fifty shares of the stock, being one-half of the whole amount, and that he is now entitled to one-half of the proceeds from the estate of the corporation; that the defendant Charles P. Oudin was the owner of one share, and the defendant Eva M. Oudin was the owner of seven hundred and forty-nine shares of the capital stock. The above facts were admitted by the answer of the defendants. Certain other allegations of the complaint not above enumerated were denied, but in view of the admitted facts the court rendered judgment upon the pleadings and appointed a receiver. The defendants have appealed.

It will be observed from the above statement of admitted facts that the respondent is the owner of one-half the property of the defunct corporation, and the two appellants own the other half, in the ratio of their respective stockholdings. Appellants contend that under the terms of Bal. Code, § 4274 (P. C. § 7075), the persons who are trustees of a corporation at the time of its dissolution become the trustees of the stockholders and creditors, with full power and authority to settle up the affairs of the corporation and distribute the proceeds of the estate among the stockholders. We think it was the evident intention of the legislature to apply the provisions of § 4274 to cases of voluntary dissolution, the procedure for which is outlined in § 4275 (P. C. § 7076). Such a dissolution is effected by a vote of two-thirds of all the stockholders at a meeting called for that purpose, followed by certain prescribed procedure in court. In considering the matter from

the legislative standpoint, it was doubtless believed that, in cases of voluntary dissolution, there is ordinarily sufficient unity of purpose to make the former trustees proper and desirable administrators of the corporate estate. The dissolution in the case at bar was not a voluntary one effected under the above statute. It was brought about by the suit of the state on the relation of a single stockholder owning but one-half of the stock. Bal. Code, § 5789 (P. C. § 1443), provides that involuntary dissolution of corporations may be accomplished by the judgment of the court. Section 5790 (P. C. § 1444) provides that, when the judgment is rendered against the corporation, the court "shall restrain the corporation, appoint a receiver of its property and effects, take an account and make a distribution thereof among the creditors." The last sentence of the section is as follows: "The prosecuting attorney shall immediately institute proceedings for that purpose."

Appellants argue from the last sentence above quoted that the appointment of the receiver is limited to actions instituted by the prosecuting attorney. We think the legislature did not so intend. The sentence with reference to the duties of the prosecuting attorney in the premises was evidently intended in a directory sense and not as a jurisdictional requirement. The principal thing to be accomplished is the appointment of a receiver to act somewhat in the capacity of an administrator for the corporate estate when the property has been left without an authorized custodian and manager. It was, therefore, made the duty of the prosecuting attorney to see that proceedings are forthwith instituted for that purpose. It does not follow, however, that it is only through him as the medium that proceedings may be brought. With as much propriety they may be commenced by any interested person such as a stockholder or creditor, as was done in this case.

It is further argued that a receiver should in no event be

appointed unless a necessity therefor is shown to exist. We think the legislature has determined that the necessity does exist whenever an involuntary dissolution has been adjudged by the court, and when the corporation so dissolved has left an estate for settlement and distribution. The legislative reason for not applying the same rule to involuntary dissolutions as that provided for voluntary cases is apparent. In the latter class of cases harmony and agreeable understanding are supposed to exist so that the estate may be peaceably settled by the former trustees without the intervention of the court. In the former class, however, the very existence of the involuntary element suggests the lack of harmony and of a responsible and agreeable head for the management of the estate, and the legislature, recognizing the propriety of receivers in such cases, made positive provision for their appointment. The admitted facts in this case show the existence of statutory conditions calling for a receiver, and the court properly gave judgment on the pleadings.

The judgment is affirmed.

FULLERTON, CROW, MOUNT, and ROOT, JJ., concur.