PROVO STY, J.
The state brought this suit to forfeit the charter of the defendant corporation, and to enjoin it from doing any further business, and added a prayer that the court, as required by Act No. 124 of 1908, p. 181, cause the property of the defendant corporation to be sequestered, and, upon rendering judgment of forfeiture, order the sheriff “to turn over the property ta the liquidator appointed by the Governor.’1
The court decreed the forfeiture and perpetuated the injunction; but, instead of complying with the said Act No. 124 of 1908, directed the property, to be delivered to the liquidators whom the stockholders of the defendant corporation had chosen, in pursuance of the charter of the corporation, to liquidate its affairs.
The appeal is by the state. The defendant corporation and the liquidators have asked that it be dismissed. Their grounds are that the state is not aggrieved by the judgment, and has no pecuniary interest in the appeal; and that, if she has, her appeal was taken after the expiration of the legal delays within which an appeal could have been taken legally, and that, at all events, this court has no jurisdiction, there not being $2,000 involved, and the case not presenting any one of the special features which confer jurisdiction on this court irrespective of amount involved.
Appellees say that the only interest the state had in the suit was to forfeit the char *551 ter and prevent the defendant corporation from doing any further business, and that that interest has been fully satisfied by the judgment appealed from, which has forfeited the charter and perpetually enjoined the defendant corporation from doing business; that the evidence shows that the corporation owes no debts, and had ceased to do business and gone into liquidation before the filing of this suit; and that, under these circumstances, the liquidation is a matter of purely private concern, the mere private business of the stockholders, in which the state has no interest. In support of that view the cases of State v. Herdic Coach Co., 35 La. Ann. 245, State ex rel. Debenture Co. v. Judge, 51 La. Ann. 466, 25 South. 65, State v. Debenture Co., 107 La. 562, 32 South. 102, and Stark v. Burke, 5 La. Ann. 740, are cited.
The reply is that, if the state has the right to require that the sheriff be ordered to turn over the property to the liquidator to be appointed by the Governor, she has an interest in appealing from the judgment which denies that right, and that the question of whether she has the right or not is one involving the merits of the case, and properly to be considered when the case comes to be considered on its merits, and not on motion to dismiss.
The suggestion that the appeal has been taken too late is based on the assumption that the suit has been brought under Act No. 159 of 1898, whereas it has been brought under Acts No. 124 of 1908, No. 224 of 1902, and section 741, Rev. St., and the appeal is governed by Act No. 106 of 1908 and other laws.
The jurisdiction of this court in any contest over the administration of a fund is determined by the amount of the fund to be administered. State ex rel. Bellamore v. Rombotis, 120 La. 152, 45 South. 43; Succession of Welp, 120 La. 64, 44 South. 921. In this case the fund largely exceeds $2,000.
The motion to dismiss is denied.