HIGGINS, Justice
 

 (concurring in the decree).
 

 I concur in the view expressed by our learned brother below and affirmed by this court in the majority opinion, to the effect that the Attorney General of the State of Louisiana has the right to bring this action.
 

 The trial judge in his reasons for judgment expressly states that he was not passing upon the constitutionality of the statute in question i. e., Act No. 36 of the Second Extra Session of the Legislature of 1934. Therefore, the case must be remanded to the lower court for the purpose of having that issue decided.
 

 As to the issuance of preliminary writ of injunction the record shows that when the case was called for trial on the rulé nisi, the district judge, observing that the question of the constitutionality of the statute must necessarily be considered at that time, suggested that since that identical question was involved on the merits of the ease, the whole matter should be considered at once on the merits. Counsel for the city of New Orleans, the board of liquidation of the city debt of New Orleans, and the city board of health of New Orleans objected, insisting that the only matter before the court on the rule nisi was the question of the Attorney General’s right and interest to bring the suit. Counsel representing all other parties agreed to have the matter taken up on the merits immediately. The trial judge was of the opinion that he could not consider the merits without the con
 
 *622
 
 sent of all parties to the suit, citing Agricultural Supply Co. v. Livigne, 177 La. 15, 147 So. 365. He, therefore, expressly refrained from giving his views as to the constitutionality vel non of the statute in question.
 

 The only reason' assigned for the issuance -of the preliminary writ of injunction is as follows: “Under the specific- authority of State v. New Orleans Debenture Redemption Co. of La., 107 La. 562, 32 So. 102, I have no hesitancy in issuing this preliminary injunction.”
 

 An examination of the cited case shows that it holds that the xVttorney General of Louisiana has an interest in bringing a suit against a group of individuals who allegedly .assumed an illegal corporate status and that the court had discretion to issue an injunction under the circumstance to maintain the status quo. The constitutionality vel non of a statute was not involved.
 

 The law is clear that a legislative act is presumed to be constitutional and that this presumption will be indulged in by'the courts until, the contrary is clearly shown and the statute declared unconstitutional by a court of competent jurisdiction. The burden of showing that an act of the Legislature is unconstitutional is on the party asserting it. Every doubt concerning the validity of a statute is resolved in favor of its constitutionality. State ex rel. Fortier et al. v. Capdevielle et al., 104 La. 561, page 564, 29 So. 215; City of New Orleans v. Chappuis, 105 La. 179, 29 So. 721; Grinage v. Publishing Co., 107 La. 121, 31 So. 682; New Orleans Baseball & A. Co. v. City of New Orleans, 118 La. 22S, 42 So. 784, 7 L. R. A. (N. S.) 1014, 118 Am. St. Rep. 366, 10 Ann. Cas. 757; Murat v. City of New Orleans, 119 La. 505, 514, 44 So. 279; State v. City of New Orleans, 141 La. 788, 75 So. 683.
 

 The learned judge a quo having expressly stated that he was not “passing upon the constitutionality of this Act,” the presumption of constitutionality necessarily was never overcome. I, therefore, doubt the correctness of 'the trial judge issuing the preliminary writ of injunction unless it can 'be said that from the statements dictated into the record by counsel, it was practically agreed by them that matters should be held status quo until the controversial question has been decided.