THE PEOPLE OF PUERTO RICO, Plaintiff, *v.* RUBERT HERMANOS, INC., Defendant.*

No. 2. Argued June 24, 1940.—Decided July 26, 1940.

---

* NOTE.—On appeal to the U. S. Circuit Court of Appeals for the First Circuit, this decision was reversed and the case remanded. See *Rubert Hermanos, Inc.* v. *People of Puerto Rico*, 118 F. (2d) 752.

*George A. Malcolm, Attorney General, Miguel Guerra-Mondragón, Rafael Rivera Zayas,* and *Luis Venegas Cortés,* associate counsel, for plaintiff. *Jaime Sifre, Jr.,* and *J. Henri Brown* for defendant.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

By decree entered on July 30, 1938, by this Supreme Court (53 P.R.R. 741), affirmed by the Supreme Court of the United States on March 25, 1940, the forfeiture and cancellation of the license and of the articles of incorporation of the defendant Rubert Hermanos, Inc., was decreed and at the same time the immediate dissolution of said corporation and the liquidation of its affairs was ordered.

Complainant now requests the appointment of a receiver under whose direction and control this court should effectuate the liquidation of said defendant corporation.

In the opposition to the appointment of a receiver, the liquidating trustees of the defendant corporation alleged: That the judgment has been complied with, the corporation having been dissolved, its obligations extinguished, and its properties transferred by consent of its stockholders and liquidators; that this court is without jurisdiction to appoint a receiver, because the *Quo Warranto* Law grants no authority for that; that the motion is insufficient and does not state facts justifying the appointment of a receiver; that the appointment of a receiver would deprive those who were the stockholders of the corporation of their rights and properties without due process of law; and finally, that the appointment of a receiver would constitute legislation by the court and violate the prohibition of the Organic Law of Puerto Rico against *ex post facto* laws.

The first question which we should consider and decide is that relating to the alleged lack of jurisdiction by this Supreme Court to appoint a receiver with power to liquidate the business of the corporation which was decreed by a judgment of this same court.

It is beyond all argument that this Supreme Court, when it entered judgment decreeing the forfeiture and cancellation of the license and the articles of incorporation of the defendant and ordering its dissolution and liquidation, acted within the jurisdiction expressly conferred by Law No. 47 of August 7, 1935. It was so held by the Federal Supreme Court in affirming the said decree and in returning the said case to this Supreme Court for further proceedings. We do not believe that it can be sustained with probabilities of success, that a court of justice with jurisdiction to enter a judgment does not have jurisdiction to order, intervene in, and direct its enforcement. It would be anomalous if this court, after having found defendant guilty of having violated the Organic Law, the Corporation Law and its own articles of incorporation, and after having imposed the payment of a fine, and decreed the forfeiture of its articles of incorporation and the dissolution and liquidation, should find itself obligated, for lack of jurisdiction, to cross its arms, leaving the stockholders and directors of such defendant, the real guilty parties of such violations, in complete freedom of action to comply with the decree of this court as and when they might wish. We are of the opinion that the authority granted to this Supreme Court to entertain these proceedings of *quo warranto* and to enter a judgment as that rendered in the present case, impliedly carries with it the power to compel the compliance with the said judgment through the appointment of a receiver.

Article 182 of the Code of Civil Procedure (1933 ed.) authorizes the appointment of a receiver by the court in which an action may be pending or which may have been decided. And paragraph 4 of the same article provides that a receiver

may be appointed in cases in which a corporation has been dissolved or which may be insolvent or in imminent danger of insolvency *or which has lost its rights as such corporation.*

The *quo warranto* proceedings did not terminate when the judgment was affirmed by the Federal Supreme Court. This court retained its jurisdiction over the defendant corporation and over its properties to compel compliance with the judgment and until the judgment rendered by it has been complied with. We are not dealing in this case with a voluntary dissolution agreed upon by the stockholders, but of a case in which the corporation has lost all its rights as such by judicial decree.

There is another fundamental reason for this court to retain its jurisdiction over the properties which the defendant corporation possessed in violation of the law and of its articles of incorporation. Law No. 47 of August 7, 1935, by its section 2, second paragraph, grants to The People of Puerto Rico an option to institute within the same proceedings of *quo warranto* the confiscation in its favor or the sale at public auction, of the properties illegally possessed by the extinct corporation, within a term of six months counted from the date on which such judgment becomes final and such term does not expire until the 13th of November, 1940. If the so-called *liquidating trustees* should be permitted to perform by themselves the liquidation of the business and the conveyance of the properties of the extinct corporation, without the intervention and supervision of this court, the fundamental object of the law and the public policy which motivated the institution of these proceedings would be defeated and The People of Puerto Rico dispossessed of its option by its simple transfer of the properties to another person.

The opposition of the liquidating trustees based on the fact that the judgment of this court has already been complied with, the obligations of the corporation satisfied and its properties sold, because it was so agreed by them and the stockholders cannot be taken into consideration, first, because

said liquidating trustees have not proved in any manner their capacity and personality nor have they offered any evidence to substantiate their allegations, the opposition not even having been sworn to; and second, because in our judgment all said acts done after the date of the judgment which ended the legal existence of the defendant corporation are legally void.

When a corporation is dissolved by a valid judgment declaring the forfeiture of its charter, from that moment on it ceases to exist for all purposes, unless there is some statutory provision continuing its existence, and it is without any power to contract or to acquire, possess or transfer properties, or to sue or to be sued, or to exercise any other franchise or powers granted by its articles of incorporation. See *Greenwood* v. *Union Freight R. Co.*, 105 U. S. 13, 26 L. Ed. 961; *Thornton* v. *Marginal Freight R. Co.*, 123 Mass. 32; *Bradley* v. *Reppell*, 133 Mo. 545, 54 Am. St. Rep. 685; Fletcher Cyc. of Corporations, vol. 8, sec. 5564.

■ Our attention has not been called to any statute of Puerto Rico providing that a corporation which has ceased to exist by virtue of a judicial judgment continues having legal existence to liquidate its affairs and sell its property without the intervention or permission of the court. The provisions of our corporation law (Section VI, arts. 27 and 28) are applicable only to a voluntary dissolution agreed upon by the shareholders of a corporation or by expiration of the term fixed for its duration.

■ Once the dissolution of a corporation has been decreed it may not accept nor make a transfer of properties unless there should be a statute extending its corporate existence for the purposes of its liquidation. It has been decided in Louisiana that when a court has acquired jurisdiction over all the property of a corporation from the date on which the state commences an action for the cancellation of the charter, the property, once that the litigation has started, may not be taken over by liquidators appointed subsequent thereto

in relation with the voluntary dissolution. *State* v. *People's Fire Ins. Co. of New Orleans,* 126 La. 548, 52 So. 763.

█ The present case is not an ordinary case of dissolution of a corporation because of violation of the provisions of its articles of incorporation. As was said by the Federal Supreme Court in its opinion affirming the judgment of this court, "the question here in controversy is a matter of great importance to Puerto Rico and involves the power of its Legislature to enforce Congressional policies affecting the island." This is a case of an agricultural corporation, which in violation of its charter, of the Corporation Law and of the Organic Act got to control about 12,188 acres of lands fit for the cultivation of sugar cane. Taking into account the public policy of the National Congress and the interest of the insular community in the dissolution of such large concentrations of arable lands in the hands of corporations and of fomenting the creation of the greater number of owners of small parcels of land, the Insular Legislature granted to The People of Puerto Rico the option of acquiring for itself, through the corresponding indemnity, or of forcing the sale at public auction of the lands illegally possessed by a corporation dissolved through a judicial decree. The decree of dissolution can not be complied with by the extinct corporation or by its liquidators through the disposition of the properties, until such time as the option granted to The People of Puerto Rico shall have expired. The receivership is without any doubt the most adequate remedy for the protection of the public interest of the shareholders and of the creditors, should there be any.

In *San Antonio Gas Co.* v. *State,* 54 S.W. 289, 293–294, it was said:

"To whom shall the property of the defunct corporation be intrusted, if no receiver be appointed? Appellant answers, to the president and board of directors of the defunct corporation. Article 682, Sayles' Rev. Civ. St., is the only statute that provides that the president and board of directors shall be trustees and take possession

of the property of the corporation, and such provision is made only in cases of the dissolution of a corporation. *That the statute draws a distinction between a dissolution and the forfeiture of a charter is shown by the language of section 3, art. 1465, Id.,* where provision is made for a receiver in case of dissolution, insolvency, or forfeiture. When a charter is forfeited, the life of the corporation ceases, and no president and board of directors can survive it, and, unless specially authorized by statute, could not, by virtue of their offices, take control of the property of the corporation. If article 682 could apply to cases in which there has been a forfeiture of a charter by the state, it can only apply when no receiver has been appointed by some court of competent authority. If it be necessary to justify the power given by statute, it may be well to remember that appellant in this case is a quasi public corporation, and for the protection of the public interests it was necessary that a receiver should be appointed. To place the property again in the hands of the officers of the corporation would be to return it to the custody of those who had failed to perform their trust, and had violated the laws of the state, and the public interests would not be subserved thereby. We call attention, in this connection, to *People* v. *Ice Co.,* 18 Abb. Prac. 382, and *Herring* v. *Railroad Co.,* 105 N. Y. 340, 12 N. E. 763.

"That the appointment of a receiver will have the effect of a fine inflicted upon the shareholders in the defunct corporation can have no weight in the decision of a court. The statute plainly confides the authority to the court to make the appointment, and that it will bear heavily upon the shareholders is a matter for legislative, and not judicial, consideration. In this case, at least, the violators of the law will be the ones who will suffer from the appointment of a receiver. We have treated the question of a receivership as though it was an open one in Texas, but it is not. The statute has been construed by the supreme court, and it was held that the trial court, when a charter is forfeited, has the authority, under the statute, to appoint a receiver at the instance of the state, independent of the request of a creditor."

See *Conlan* v. *Oudin,* 94 P. 1074; *Herring* v. *New York & W. R. Co.,* 12 N. E. 763, 781; *State* v. *Municipal Saving & Loan Co.,* 14 N.E. 736; *Eel River R. Co.* v. *State,* 57 N.E. 388; 14A C.J. 1140, sec. 3777.

█ Our attention has been called to the case of *Havemeyer* v. *Superior Court,* 84 Cal. 327, 24 Pac. 121, in which

it was decided that in the case of the forfeiture and cancellation of the franchise of a corporation, a receiver may only be appointed at the request of an interested party. The said case does not help in any way the contention of the opposers. In the first place, we have already stated that The People of Puerto Rico is an interested party in the appointment of a receiver, for the protection of the right granted by section 2, par. 2, of the *Quo Warranto* Law. Our statute (art. 182 C. of Civ. Pro. 1933 ed.) grants us the discretionary power to appoint a receiver when the forfeiture of a corporation is decreed, without the necessity of the filing of any petition by any interested party in the corporate property. In this case, we repeat, a petition has been presented by a party interested in the future holding of lands illegally possessed by the defunct corporation.

For the stated reasons the motion of complainant should be granted.