El Pueblo de Puerto Rico, querellante, *v.* Rubert Hermanos, Inc., demandada.

Núm. 2.—*Sometido:* Junio 24, 1940. *Resuelto:* Julio 26, 1940.

Hon. Procurador General George A. Malcolm, y Miguel Guerra-Mondragón, Rafael Rivera Zayas y Luis Venegas Cortés, abogados asociados, abogados del querellante; Jaime Sifre, Jr., y J. Henri Brown, abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Por sentencia dictada en julio 30 de 1938 por esta Corte Suprema (53 D.P.R. 779), confirmada por la Corte Suprema de los Estados Unidos en marzo 25 de 1940, se decretó la caducidad y cancelación de la licencia y de las cláusulas de incorporación de la querellada ''Rubert Hermanos, Inc.,'' y se ordenó al mismo tiempo la inmediata disolución de dicha corporación y la liquidación de sus negocios.

El querellante solicita ahora el nombramiento de un síndico para que bajo la dirección y control de esta corte practique la liquidación de la corporación querellada.

En su oposición al nombramiento de un síndico, los fideicomisarios-liquidadores de la corporación demandada alegan.: que la sentencia ya ha sido cumplida, habiéndose disuelto la corporación, extinguido sus obligaciones y transferido sus bienes por acuerdo de sus accionistas y de sus liquidadores; que esta corte carece de jurisdicción para nombrar un síndico, porque la Ley de *Quo Warranto* no le da facultad para ello; que la moción es insuficiente y no expone hechos que justifiquen el nombramiento de un síndico; que el nombramiento de un síndico privaría a los que fueron accionistas de la corporación de sus derechos y propiedades sin el debido proceso de ley; y por último, que el nombramiento de un síndico constituiría legislación por la corte y violaría la prohibición de leyes *ex post facto* de la Ley Orgánica de Puerto Rico.

La primera cuestión que debemos considerar y resolver es la referente a la alegada falta de jurisdicción de esta Corte Suprema para nombrar un síndico con facultades para liquidar los negocios de la corporación cuya disolución fué decretada por sentencia de este mismo tribunal.

Está fuera de toda discusión el que esta Corte Suprema, al dictar sentencia decretando la caducidad (*forfeiture*) y la cancelación de la licencia y de las cláusulas de incorporación

de la querellada y ordenando su disolución y liquidación, actuó dentro de la jurisdicción que expresamente le fué concedida por la Ley núm. 47 de agosto 7 de 1935 ((2) pág. 531). Así lo sostuvo la Corte Federal al confirmar dicha sentencia y devolver el caso a esta Corte Suprema para ulteriores procedimientos. No creemos que pueda sostenerse con probabilidades de buen éxito, que una corte de justicia que tiene jurisdicción para dictar una sentencia no la tiene para ordenar, intervenir en y dirigir su cumplimiento. Sería anómalo si esta corte, después de declarar a la querellada culpable de haber· violado la Ley Orgánica, la Ley de Corporaciones y sus propias cláusulas de incorporación y después de haberla condenado al pago de una multa, a la caducidad de sus cláusulas corporativas y a ser disuelta y liquidada, se viese obligada por falta de jurisdicción a cruzarse de brazos, dejando a sus accionistas y directores, a los verdaderos culpables de tales contravenciones, en completa libertad de acción para cumplir con el decreto de esta corte cuando y como mejor les plazca. Opinamos que la facultad concedida a esta Corte Suprema para conocer del procedimiento de *quo warranto* y para dictar una sentencia como la dictada en el caso de autos, lleva implícita la de hacer cumplir dicha sentencia mediante el nombramiento de un síndico.

El artículo 182 del Código de Enjuiciamiento Civil autoriza el nombramiento de un síndico por la corte en que un pleito esté pendiente o se haya fallado. Y el inciso 4 del mismo artículo dispone que podrá nombrarse un síndico en los casos en que una corporación haya sido disuelta o se hallare insolvente, o en inminente peligro de insolvencia o *hubiere perdido sus derechos como tal corporación.*

El procedimiento de *quo warranto* no terminó al ser confirmada nuestra sentencia por la Corte Suprema Federal. Esta corte retuvo su jurisdicción sobre la extinta corporación y sobre sus propiedades para hacer cumplir y hasta que se

cumpla la sentencia por ella dictada. No se trata en este caso de una disolución voluntaria acordada por los accionistas y sí de uno en que la corporación ha perdido todos sus derechos como tal por decreto judicial.

Existe otra razón fundamental para que esta corte retenga su jurisdicción sobre las propiedades que la corporación demandada poseía en violación de la ley y de su carta constitucional. La Ley núm. 47 de 7 de agosto de 1935, por su sección 2, párrafo segundo, concede a "El Pueblo de Puerto Rico" una opción para instar, *dentro del propio procedimiento de quo warranto,* la confiscación a su favor o la enajenación en subasta pública de los bienes ilegalmente poseídos por la extinta corporación, dentro de un término de seis meses contado desde la fecha en que se dictó sentencia final. Y ese término no expira hasta el 13 de noviembre de 1940. Si se permitiera a los llamados *fideicomisarios-liquidadores* hacer por su cuenta la liquidación de los negocios y la enajenación de los bienes de la extinta corporación, sin la intervención y supervisión de esta corte, el propósito fundamental de la ley y la política pública que motivó la iniciación de este procedimiento quedarían burlados y El Pueblo de Puerto Rico despejado de su opción por un simple traspaso de los bienes a otra persona.

La oposición de los fideicomisarios-liquidadores, basada en que la sentencia de esta corte ha sido ya cumplida, las obligaciones de la corporación satisfechas y sus bienes enajenados, por haberlo así acordado ellos y los accionistas, no puede ser tomada en consideración, primero, porque dichos fideicomisarios-liquidadores no han acreditado en manera alguna su capacidad y personalidad ni han ofrecido evidencia alguna tendiente a substanciar sus alegaciones, no habiendo ni siquiera jurado su escrito de oposición; y, segundo, porque a nuestro juicio todos dichos actos realizados con posterioridad a la fecha de la sentencia que puso

fin a la existencia legal de la corporación querellada son legalmente nulos.

Cuando una corporación queda disuelta por una sentencia válida que declara la caducidad (*forfeiture*) de su carta constitucional, desde ese momento deja de existir para todos los propósitos—a menos que exista alguna disposición estatutaria que continúe su existencia—y queda despojada de facultad para contratar o para adquirir, poseer o enajenar propiedades, o para demandar o ser demandada, o para ejercitar cualquiera de las franquicias o poderes otorgádosle por sus cláusulas de incorporación. Véanse: *Greenwood v. Union Freight R. Co.,* 105 U. S. 13, 26 L. Ed. 961; *Thorton v. Marginal Freight R. Co.,* 123 Mass. 32; *Bradley v. Reppoll,* 135 Mo. 545, 54 Am. St. Rep. 685; Fletcher *Cyc. of Corporations,* Vol. 8, sec. 5564.

No se ha llamado nuestra atención hacia estatuto alguno de Puerto Rico que provea que una corporación que ha dejado de existir a virtud de sentencia judicial continúe teniendo existencia legal para poder liquidar sus negocios y enajenar sus bienes sin la intervención o permiso de la corte. Las disposiciones de nuestra Ley de Corporaciones (Sección VI, arts. 27 y 28) son aplicables solamente cuando se trata de una disolución voluntaria por acuerdo de los accionistas de la corporación o por expiración del término fijado para su duración.

Una vez decretada la disolución de una corporación, ésta no puede aceptar ni hacer un traspaso de propiedades, a menos que exista un estatuto que prorrogue su existencia corporativa para los fines de su liquidación. En Louisiana se ha resuelto que cuando la corte ha adquirido jurisdicción sobre toda la propiedad de la corporación desde la fecha en que el Estado comienza una acción para la cancelación de su carta corporativa, la propiedad, después de comenzado el pleito, no puede ser tomada por liquidadores nombrados con posterioridad en relación con una disolución voluntaria.

*State* v. *People's Fire Ins. Co. of New Orleans,* 126 La. 548, 52 So. 763.

El presente no es un caso corriente de disolución de una corporación por infracción de las estipulaciones de sus cláusulas de incorporación. Como dijo la Corte Suprema Federal en su opinión confirmando la sentencia de esta corte, "la cuestión aquí en controversia es asunto de gran importancia para Puerto Rico y envuelve el poder de su Legislatura para hacer cumplir la política congresional que afecta a la Isla." Se trata de una corporación agrícola, que en contravención de sus cláusulas, de la Ley de Corporaciones y de la Carta Orgánica llegó a acaparar unas 12,188 cuerdas de tierra propias para el cultivo de caña. Teniendo en cuenta la política pública del Congreso Nacional y el interés de la comunidad insular en disolver esas grandes concentraciones de tierras labrables en manos de las corporaciones y fomentar la creación del mayor número de propietarios de pequeñas parcelas de tierra, la Legislatura Insular concedió al Pueblo de Puerto Rico el derecho opcional de adquirir para sí, mediante la correspondiente indemnización, o de hacer vender en subasta pública las tierras ilegalmente poseídas por la corporación disuelta por decreto judicial. El decreto de disolución no puede ser cumplido ni por la extinta corporación, ni por sus liquidadores, mediante la enajenación de propiedades, mientras no haya expirado la opción concedida al Pueblo de Puerto Rico. La sindicatura es sin duda alguna el remedio más adecuado para la protección de los intereses del público, de los accionistas y de los acreedores si los hubiere.

En el caso de *San Antonio Gas Co.* v. *State,* 54 S. W. 289, 293–394, se dijo:

¿A quién se confiará la propiedad de la difunta corporación, si no se nombra un síndico? El apelante contesta, al presidente y junta directiva de la extinta corporación. El artículo 682, Sayles' Rev. Civ. St., es el único estatuto que provee que el presidente y

la junta directiva serán fideicomisarios y tomarán posesión de los bienes de la corporación, y esa disposición se hace solamente en casos de disolución de una corporación. *Que el estatuto hace una distinción entre una disolución y la sentencia de caducidad (forfeiture) de una carta constitucional lo demuestra el lenguaje de la sección 3, art. 1465, Id.,* que autoriza el nombramiento de un síndico en caso de disolución, insolvencia, o 'forfeiture'. Cuando una carta constitucional es cancelada (*forfeited*) la vida de la corporación termina, y ni el presidente ni la junta directiva pueden sobrevivirla, y, a menos que estén expresamente autorizados por el estatuto, no podrían, por virtud de sus cargos, tomar el control de los bienes de la corporación. . . . Si fuese necesario justificar la facultad concedida por el estatuto, convendría recordar que la apelante en este caso es una corporación cuasi pública, *y para la protección de los intereses públicos fué necesario que se nombrase un síndico.* Colocar otra vez la propiedad en las manos de los oficiales de la corporación, sería devolverla a la custodia de aquellos que dejaron de cumplir sus deberes y violaron las leyes del Estado, y los intereses públicos no serían protegidos al así hacerlo. Llamamos la atención, en relación con lo expuesto, a *People* v. *Ice Co.,* 18 Abb. Prac. 382, y *Herring* v. *Railroad Co.,* 105 N. Y. 340, 12 N. E. 763.

"Que el nombramiento de un síndico tendrá el efecto de imponer una multa a los accionistas de la difunta corporación no puede influir en modo alguno en la decisión de una corte. El estatuto en términos claros concede a la corte autoridad para hacer el nombramiento, y el efecto que pueda tener en cuanto a los accionistas es asunto para ser considerado por la legislatura y no por las cortes. En este caso, por lo menos, los infractores de la ley serán los que habrán de sufrir con el nombramiento de un síndico. Hemos discutido la cuestión de la sindicatura como si fuese una cuestión abierta en Texas, pero no lo es. El estatuto ha sido interpretado por la Corte Suprema, y se sostuvo que la corte sentenciadora, cuando declara la caducidad y cancelación de unas cláusulas de incorporación, tiene autoridad, bajo el estatuto, para nombrar un síndico a petición del Estado, independientemente de la súplica de un acreedor."

Véanse: *Conlan* v. *Oudin,* 94 P. 1074; *Herring* v. *New York L. E. & W. R. Co.,* 12 N. E. 763, 781; *State* v. *Municipal Saving & Loan Co.,* 144 N. E. 736; *Eel River R. Co.* v. *State,* 57 N. E. 388; 14 A. C. J. 1140, sec. 3777.

Se ha llamado nuestra atención hacia el caso de *Have-mayer* v. *Superior Court,* 84 Cal. 327, 24 P. 121, en el que se sostuvo que·en un caso de caducidad y cancelación (*forfeiture*) de la franquicia de una corporación podía nombrarse un síndico solamente a petición de una persona interesada. El citado caso en nada ayuda la contención de los oposicionistas. En ·primer lugar, ya hemos hecho constar que El Pueblo de Puerto Rico es parte interesada en el nombramiento de un síndico, para la protección de los derechos que le concede la sección 2, párr. 2, de la Ley de *Quo Warranto.* Nuestro estatuto (artículo 182 Código de Enjuiciamiento Civil nos concede la facultad discrecional de nombrar un síndico al decretar la caducidad (*forfeiture*) de una corporación, sin necesidad de que se presente solicitud de parte interesada en la propiedad corporativa. En el caso de autos, repetimos, se ha presentado una petición por parte interesada en la tenencia futura de las tierras ilegalmente poseídas por la difunta corporación.

*Por las razones expuestas debe declararse con lugar la moción del querellante.*

El Juez Asociado Sr. Wolf está conforme con el resultado.

El Juez Asociado Sr. De Jesús no intervino.