## 13379

### EX PARTE BROCK

### KILLINGSWORTH v. PYRAMID LIFE INSURANCE COMPANY ET AL.

(191 S. E., 342)

December, 1936.

470

*Messrs. L. W. Harris, Johnson & Johnson, Herndon & Thompson, Frank B. Gary, Jr.,* and *Robinson & Robinson,* for appellants,

*Messrs. Thomas, Lumpkin & Cain, Mann & Arnold* and *Tillett, Tillett & Kennedy,* for respondent, Pyramid Life Insurance Company,

*Mr. D. M. Winter,* for respondent, S. F. Killingsworth, Receiver,

May 6, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Pyramid Life Insurance Company is a corporation organized under the laws of the State of North Carolina, and is engaged in the business of health and life insurance, with its principal place of business at Charlotte, N. C.

Pioneer Life Insurance Company was a corporation organized under the laws of the State of South Carolina, and was engaged in business as a seller of life and health insurance polices, including a plan known as fraternal group insurance.

About the year 1932, Pioneer Life Insurance Company, which we shall speak of, for the sake of brevity, as Pioneer, found its financial affairs to be in a precarious condition, and itself bordering on insolvency. It thereupon entered into negotiations with Pyramid Life Insurance Company, which we shall call Pyramid, with a view of effecting a merger of the two companies. An obstacle to the accomplishment of this plan lay in the large amount of this fraternal group insurance which Pioneer had outstanding, and which was considered undesirable. That type of insurance was of this nature, viz.: Pioneer issued to representatives of certain fraternal organizations master policies, and these delivered to such members of the organizations as desired them, certificates by which the members became insured in Pioneer in the sum named in the several certificates. It appears in the record that the premium charged for this class of insurance was inadequate to carry it, and in consequence a considerable number of claims under this head had accumulated and were unpaid, and Pioneer could not pay them.

To remove this impediment to the consolidation and merger of Pioneer and Pyramid, it is alleged that G. W. Duvall, an employee of Pyramid, with the advice, sanction, and co-operation of Pioneer and Pyramid, attempted to organize a mutual insurance company under the name of Southern Mutual Life Insurance Company to take over and carry on the fraternal group insurance then carried on by Pioneer; that Southern Mutual Life Insurance Company was never legally organized, had no capital stock, never had any legal corporate existence, and had no legal authority to make contracts of insurance. It is further alleged that Southern Mutual took over approximately $5,000,000.00 of this fraternal group insurance from Pioneer, which was without any reserve to protect it; the Southern Mutual being without any capital and, on the contrary, assumed liabilities of Pioneer in the sum of about $16,000.00.

Thereafter the consolidation of Pioneer and Pyramid was effected, and operated as Pioneer-Pyramid Life Insurance Company, retaining all the business and property then carried on the books of both companies in North and South Carolina.

Southern Mutual attempted to, and did, write some additional insurance, but became insolvent, and Dr. S. F. Killingsworth was appointed receiver thereof by order of Circuit Judge C. J. Ramage, who authorized the bringing of this action.

The matters and things hereinabove set forth, *inter alia*, appear in the complaint in the action thus brought in 1936, and which was amended in May, 1936, and again in October, 1936.

The complaint charged that the action resulting in the origination of the Southern Mutual Life Insurance Company was conceived and executed in fraud, and fraudulently affected the interests and rights of those (some 2,600 in number) who are insured under the fraternal group in-

surance issued by them, a number of whom hold matured, unpaid claims.

Pyramid answered the amended complaint by general denial; it admits that, by agreement with the stockholders of the Pioneer Life Insurance Company, it purchased the stock of that company and took over certain of the assets of that company which it combinded with its own, that Pioneer sold and transferred its fraternal group insurance to Southern Mutual Life Insurance Company about February 1, 1932; and denies that there is liability thereabout on Pyramid; that many of such policies are lapsed; denies the allegations of the complaint which seek to put Pyramid in the hands of a receiver, and denies liability to the plaintiff-receiver, or any one represented by him in this action; that the consolidation of Pioneer and Pyramid was submitted to and approved by the insurance departments of North Carolina and South Carolina.

Negotiations were entered into between plaintiff in this action and Pyramid, which resulted in a proposition by Pyramid to assume payment of the fraternal group insurance liabilities on policies issued by Pioneer now held by Southern Mutual, based on a schedule of reduced liability, on each such policy or claim, as set forth in such proposal. The plaintiff petitioned the Court that a rule to show cause be issued, requiring all persons having policies or certificates of this fraternal group insurance to show cause why the proposed plans of readjustment and compromise should not be approved by the Court.

October 16, 1936, Hon. M. M. Mann, Judge, First Judicial Circuit, issued his order and rule to show cause, requiring the named parties to make return to the rule before him at Columbia, S. C., at 11 o'clock a. m., on the 21st day of December, 1936. Appended to Judge Mann's order is this statement: "This Order is signed by me because of the absence of the presiding Judge and the resident Judge

from the Fifth Judicial Circuit as shown by affidavit attached."

J. N. Brock demurred to the jurisdiction of Judge Mann to issue the rule to show cause, whereupon Judge Mann disqualified himself and referred the matter to Judge Bellinger, resident Judge of the Fifth Circuit.

The question of jurisdiction raised by the challenge of the power of Judge Mann to issue the rule to show cause was determined by a proceeding brought, by special order, in the original jurisdiction of this Court, which resulted in an order sustaining the jurisdiction of Judge Mann in the premises.

At the hearing before Judge Bellinger, demurrers were interposed by J. N. Brock, P. W. DeVore, Guy Ernest Ross, and George Martin Ansel on grounds which are, in brief, that this action may not be brought and maintained by plaintiff-receiver because, if any cause of action exists against Pyramid Life Insurance Company on the fraternal group policies and claims arising thereunder, it is a right inuring to the individual policy and certificate holders, and not to or through the Receiver of the Southern Mutual Life Insurance Company; that the Court is without authority to make a contract for several hundred people; or to change the terms of the contract of insurance with Emily Brock, who is dead, and the rights of J. N. Brock, the beneficiary, under her fraternal group policy. That S. F. Killingsworth, plaintiff, has no legal capacity to sue as Receiver of Southern Mutual Life Insurance Company, on the cause of action set forth in the complaint.

Judge Bellinger overruled all of the demurrers, and later passed an order in which he said: "It being made to appear to me that the legal questions involved are of the utmost gravity and that a final decision by the Supreme Court at this time of the questions raised by the demurrers is possibly the most expeditious manner of disposition and to the best interest of all concerned and is most desirable."

He thereupon issued an order staying all other steps in the prosecution of the suit until the decision of the Supreme Court of the appeal from his order overruling the demurrers.

The appeal to this Court is from the order overruling the demurrers.

After this long, but necessary, preliminary statement, it remains for us to consider the issues made by the appeal from the order overruling and dismissing the demurrers. These need not be considered seriatim. Two or three of them are common to all the demurrers, and they are, in our judgment, decisive of the appeal.

The cardinal one of these grounds of demurrer is that which challenges the power of S. F. Killingsworth, as Receiver, to bring this action. Section 397 of the Code of Civil Procedure, 1932, provides that every action must be brought in the name of the real party in interest. The respondent gives as authority for bringing the action the order of Judge Ramage appointing him Receiver of the assets and affairs of Southern Mutual Life Insurance Company. It is alleged in the complaint that the order of his appointment authorized him to bring the suit. That order does not appear in the record, but it is hardly likely that Judge Ramage undertook to confer on the Receiver a legal right which pertains to some other. Doubtless, the order authorized and directed him to liquidate the affairs of the insolvent insurance company and collect its assets. The Receiver would, by virtue of his appointment, have the right to sue for and collect all debts due the company. But the claims of the holders of policies and certificates of insurance, issued by Pioneer and transferred to Southern Mutual, and the matured claims thereon, are not assets of Southern Mutual; but the policy and certificate holders, and the holders of matured claims thereon, are the true owners, and they alone, as the real parties in interest, are entitled to bring action thereon. The Receiver maintains in his complaint that the transaction by which Pioneer-Pyramid and G. W. Duvall

transferred this fraternal group insurance to Southern Mutual Insurance Company was in fraud of the policy and certificate holders under the fraternal group insurance plan of Pioneer. That when Southern Mutual attached its riders to these certificates or master policies, it became only secondarily liable; that when Pyramid bought the assets of Pioneer and assumed its liabilities, it became liable on this fraternal group insurance. To whom did it become liable? Not to the Southern Mutual, upon which company, according to the contention of respondent, these contracts of insurance were fraudulently dumped by the concurrent action of Pioneer and Pyramid. There is then no contractual relation between Pyramid and Southern Mutual which entitles the Receiver of Southern Mutual to maintain this action against Pyramid to enforce the rights of policy, certificate, and other claim holders of the fraternal group insurance issued by Pioneer. That company issued to a representative of each fraternal order, as for instance, Knights of Pythias, Order of Odd Fellows, and the like, a master policy. Those affiliated with the fraternal orders, who desired to become insured with this group insurance, obtained a certificate under the master policy for that order, whereby that person became insured with Pioneer for the amount named in his certificate. Neither the holders of these master policies, nor of the certificates thereunder, nor the holders of matured claims under said insurance have authorized plaintiff-receiver, as trustee, to bring this action in their behalf. On the contrary, they deny his right to do so.

We think the demurrer to his power to bring the action is well taken.

If, then, the Receiver could not sue to recover the rights arising under the fraternal group insurance issued by Pioneer, it must follow, of necessity, that he cannot compromise those rights, as he is attempting to do by the plan of compromise and settlement proposed by Pyramid, which the Receiver, by his petition, asks the Court to approve.

If it be conceded, but it is not, that the Receiver may rightfully bring this action, the question remains, has the Court the authority to approve the proposed, or any other, plan of settlement to which Pyramid is a party? The Pyramid Life Insurance Company is a creation of the laws of North Carolina; its domicile is in that state. To the Courts of this State it is a foreign corporation. So far as the record shows, it has no property in this State; its assets are beyond the jurisdiction of the State. If the Court should approve the plan of settlement now submitted to it, and Pyramid should make default in the performance of its part of the agreement, how would the Court enforce its judgment? If the Pyramid will place within the powers of the Courts of this State its assets, or give such security as will insure the performance of its part of any contract it makes, it might then, with some show of propriety, attempt to settle its controversy. It has not yet admitted its liability on this fraternal group insurance, but has specifically denied it. Nor has that liability been judicially determined. It would seem to be premature to negotiate the settlement of the claims of policyholders, against their protests, upon which claims the Pyramid denies liability, until liability and the extent thereof has been determined.

We have not attempted to pass upon the merits of the issues made by the complaint and answer and the petition of plaintiff. We are passing upon the two or three questions made by the demurrers, which challenge the right of plaintiff to bring this suit, and the power of the Court, affecting its jurisdiction, to approve a contract of settlement with a foreign corporation which it has no power to enforce, if the foreign corporation default in carrying out such contract.

We think there is merit in the demurrers which raise these issues, and that it was error to overrule them and dismiss them.

The order overruling and dismissing the demurrers is reversed and the case is remanded to the Circuit Court.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.