### In re GRAND LODGE A. O. U. W.

(District Court, N. D. California, First Division.  March 29, 1916.)

#### No. 9785.

BANKRUPTCY ☞43—CORPORATIONS ENTITLED TO BENEFITS—"INSURANCE CORPORATION."

A corporation which merely collects from such of its members as are willing to contribute funds which it thereafter distributes to the beneficiaries of deceased members, which was not an insurance company under the laws of the state where and when it was organized, and which belonged to a class of corporations well known at the time the Bankruptcy Act was passed as fraternal benefit associations, is not an "insurance corporation," within the provision of the Bankruptcy Act excepting such corporations from the benefits thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. ☞43.

For other definitions, see Words and Phrases, First and Second Series, Insurance Company.]

In Bankruptcy.  In the matter of the Grand Lodge Ancient Order of United Workmen, bankrupt.  On motion of Pauline Stanton to set aside the order of adjudication.  Conclusion of the master affirmed, and motion denied.

L. P. Dunkley and G. F. Owens, both of San Francisco, Cal., for petitioners.

R. G. Hunt, of San Francisco, Cal., for trustee.

Snook & Church, of Oakland, Cal., for bankrupt.

DOOLING, District Judge.  The conclusion of the special master on the petition of Pauline Stanton to set aside the order of adjudication herein must be affirmed.  The bankrupt is not, in my opinion, an insurance corporation within the meaning of the bankrupt law.  As a matter of fact it did not insure.  Its only obligation was to collect, from such of its members as were willing to contribute, funds with

which, if and when collected, it would pay certain amounts to the beneficiaries of deceased members. There was no other obligation on the bankrupt than that of a collector. There was no obligation on the part of any of the members to pay unless they were willing to do so, and a failure on the part of a member to pay at a fixed date released him from any claim, legal or moral, for such payment. This is not insurance. The laws of this state have always recognized the difference between this and insurance, and specifically provided at the time that the bankrupt was incorporated that corporations of this character were not insurance corporations. Besides, corporations of this character had been in existence very many years at the time of the enactment of the bankrupt law, and of the provision excepting insurance corporations from its benefits, and were technically known as fraternal benevolent societies or associations, and not as insurance corporations. If Congress intended to place them among the excepted corporations, there was a well-known name by which they could have been designated. I do not think it was intended to embrace them in the term "insurance corporations."

The conclusion of the master is affirmed, and the motion to set aside the order of adjudication is denied.