## GRAND LODGE, KNIGHTS OF PYTHIAS OF LOUISIANA, v. O'CONNOR et al.

### No. 8637.

Circuit Court of Appeals, Fifth Circuit.

March 16, 1938.

A. T. Walden and J. Herbert Johnson, both of Atlanta, Ga., and Wm. H. Talbot, of New Orleans, La., for appellant.

George Seth Guion and Loys Charbonnet, both of New Orleans, La., and D. M. Ellison, of Baton Rouge, La., and George Frank Purvis, Jr., of Rayville, La., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from an order dismissing appellant's petition for reorganization, filed under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207.

The petition alleged the pendency in the state court of receivership proceedings against it; that though they had been pending for two years and ten months, nothing had been done to retire its obligations or save its property; that there was an equity for those interested which, under the reorganization plan petitioner proposed, would be saved; and that the state receiver was about to sacrifice this equity by a forced sale of the property.

Appearing upon notice to show cause why the petition should not be approved and ordered filed, the Attorney General, the Secretary of State and ex-officio Insur-

ance Commissioner of the state of Louisiana and the state receiver, moved for the dismissal of the petition upon the grounds: (1) That petitioner is an insurance corporation, and therefore not entitled to the benefits of bankruptcy; (2) that the title to and possession of all of the property and assets of the insurance or endowment department were, under the provisions of Act No. 115 of the Legislature of Louisiana of 1906, as amended, in the receiver, under orders of the Civil district court of the parish of Orleans, state of Louisiana, and the officers of petitioner were without right or power to appear for or to represent petitioner; (3) that the object and purpose, and the effect of the state court suit was to inhibit the further carrying on by petitioner of its business or affairs, and to annul and bring to an end petitioner's corporate life.

The District Judge, after a hearing on the motion, decided that petitioner was not a corporation entitled to the benefits of section 77B. He ordered the petition dismissed.

Here, appellant insists that it is not an insurance corporation within the meaning of the act, and that the proceedings in the state court have operated neither to dissolve the corporation, nor to prevent it from applying for a reorganization.

Appellees take issue on these points. They urge upon us both that appellant is an insurance corporation, and as such disentitled to apply for reorganization, and that the statutory state court proceedings have, by effecting its dissolution and ending its corporate life, operated to prevent petitioner from so applying.

An examination of petitioner's charter, of the statutes of Louisiana under which it was organized, and its business and activities have been conducted, and of the decisions of the Louisiana courts, McBride v. Acme Industrial Life Ins. Soc., 179 La. 701, 154 So. 741; Jones v. International Order, La.App., 148 So. 73, convinces us that its status in Louisiana is substantially the same as that of the Florida Grand Lodge under Florida law. In Grand Lodge Knights of Pythias of North America v. John McKee, 5 Cir., 95 F.2d 474, this day decided, we sustained the Grand Lodge's claim that it was not an insurance corporation excepted by section 4 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 22, from its benefits. For the reasons given in that opinion, we reject appellees' contention that petitioner is an insurance corporation, and, as such, disentitled to the benefits of the act.

The judgment of dismissal must nevertheless be affirmed, for under the statutes of Louisiana, as construed by its courts, the appointment of a receiver for petitioner not only placed it in process of dissolution, but dissolved it.

The state court proceeding is a statutory one in quo warranto, brought under the authority of Act No. 256 of 1912 of the Legislature of Louisiana, "An Act to provide for the organization, admission and regulation of Associations transacting the business of life, accident, sick benefit or physical disability insurance on the fraternal plan," etc. Section 24 of this act is the particular provision under which the state enforces and makes effective its visitorial powers over its corporate creatures. This section confers upon the Secretary of State complete powers of visitation and examination into the affairs of any domestic society. It provides: "Whenever after examination the Secretary of State is satisfied that any domestic society has failed to comply with any provisions of this Act, or is exceeding its powers, or is not carrying out its contracts in good faith, or is transacting business fraudulently * * * the Secretary of State may present the facts relating thereto to the Attorney General, who shall, if he deem the circumstances warrant, commence an action in quo warranto in a court of competent jurisdiction, and such court shall thereupon notify the officers of such society of a hearing, and if it shall then appear that such society should be closed, said society shall be enjoined from carrying on any further business and some person shall be appointed receiver of such society, and shall proceed at once to take possession of the books, papers, monies and other assets of the society, and shall forthwith, under the direction of the Court, proceed to close the affairs of the society and to distribute its funds to those entitled thereto."

By the institution of the suit and the appointment of a receiver, the society was enjoined from carrying on its business; the receiver became custodian of its books, papers, moneys, and other assets, and under direction of the court its liquidator, to close its affairs and distribute its funds.

It was early held, under a similar statute where the suit had proceeded to final judgment, that the corporation was dis-

solved by the proceeding, its corporate life ended, and that, completely and absolutely dead, its officers were without power to sue for or in any wise represent it in the courts. State v. People's Fire Ins. Co., 126 La. 548, 52 So. 763; Michel v. Southern Ins. Co., 128 La. 562, 54 So. 1010, Ann.Cas.1912C, 810.

Appellant seeks to avoid the force of the statute and of the court proceedings taken pursuant to it, by pointing out that when the reorganization petition was filed, the receivership had been pending for two years and ten months and no final order had been entered in it, indeed nothing had been done except by interlocutory order, to appoint a receiver and under that appointment to take charge of the company's assets. Conceivably, petitioner argues, the proceedings may be dismissed without coming to a final order, and until that order is entered, the corporate life persists, with the right and duty of its officers to take such steps as are necessary to husband and preserve its assets, including availing of reorganization in bankruptcy.

Appellees reply that though no final order has been entered, the institution of such a suit is in effect a seizure of the property for a statutory liquidation, with which a court of bankruptcy will not, even though it could, interfere. United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; State of Texas v. Donoghue, 5 Cir., 88 F.2d 48.

They insist, however, that under the Louisiana decisions a final order was not necessary, that the institution of the suit and the appointment of the receiver itself dissolved the corporation.

We agree with appellees. In Levy v. Union Indemnity Co., La.App., 146 So. 182, 183, followed by this court in Standard Lumber Co. v. Interstate Trust Co., 5 Cir., 82 F.2d 346, it was held:

"It is well settled that where, by authority of such a statute as Act No. 105 of 1898, receivers are appointed for an insurance company, the formerly existing corporation is, by the very appointment of receivers, entirely dissolved, and its life is terminated.

"In this regard there is a vast difference between a statutory receivership and an equitable one, in the latter of which the corporation itself continues to exist. * * * On the other hand, a statutory receivership, such as is contemplated by the statute of

1898, terminates the corporate existence entirely."

 This being so, the petition for reorganization should have been dismissed, both because of want of authority in the officers to institute it, and because a corporation, dissolved under the laws of the state creating it, may not be reorganized in bankruptcy. Hopkins Federal Savings & Loan Ass'n v. Cleary, 296 U.S. 315, 56 S.Ct. 235, 80 L.Ed. 251, 100 A.L.R. 1403; Chicago Title & Trust Co. v. Forty One Thirty Six Wilcox Building Corporation, 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. ——.

The order dismissing the petition is affirmed.