15413

*RE:* MORRIS v. UNITY LIFE INS. CO. *ET AL.*
*EX PARTE:* GARY v. ATKINSON *ET AL.*

(20 S. E. (2d), 388)

September, 1941.

168

*Messrs. Wise & Whaley* and *Mr. John C. Payne,* all of Columbia, Counsel for Appellant,

· · *Mr. D. McK. Winter,* of Columbia, and *Mr. Marion F. Winter,* of Moncks Corner, Counsel for Respondent,

Counsel for Appellant, in a Reply Brief,

May 14, 1942.

The Opinion of the Court was delivered by MR. ASSO-CIATE JUSTICE STUKES:

The decision of this Court in an action in the original jurisdiction entitled *W. Claude Powell, Jr., individually, etc., Petitioner, v. Frank B. Gary, Jr., as Executive Vice-President of the Unity Life Insurance Co., et al., Respondents,* 20 S. E. (2d), 391, argued along with this appeal from the Court of Common Pleas for Richland County, is relevant to this case and the judgments will be filed simultaneously.

This appeal involves an ancillary action brought by Gary as executive vice-president of the company against the various policyholders, adults and infants, known and unknown claimants against the assets of the company, now in his hands as the custodian of the Court. It is an apparently abortive attempt at liquidation of the assets for the benefit of those entitled.

The latter statement is made because examination of the complaint fails to disclose a definite plan of liquidation although there is a recommendation that all "existing business" (presumably current policies upon which all premiums have been paid) be sold and transferred to some other company together with sufficient of the funds, now in the hands of the plaintiff as legal custodian, to provide adequate reserves for such existing policies, and it is argued that an additional amount may be realized from such a purchaser for the value to it of such existing business, but no offer or opportunity for such a sale is alleged and terms thereof are not attempted to be submitted to the Court for determination. The prayer is for judgment enjoining the defendants and others of the classes represented by them, respectively, from claims against the funds representing policy reserves and against the contemplated insurer-transferee, except claims for death benefits, and for other proper relief.

The relief particularized in the prayer of the complaint, just mentioned, is contained in the judgment of this Court in the proceeding in the original jurisdiction, *Powell v. Gary et al.,* referred to in the first paragraph above. In it are related pertinent facts which need not be repeated here.

One of the defendants in this action demurred and two of the grounds thereof were sustained by the Honorable M. M. Mann, Circuit Judge, by order dated July 15, 1941, such grounds being, (1) that the plaintiff, Gary as executive vice-president of the company, was not a real party in interest or authorized to litigate the conflicting claims to the ownership of the reserve funds of the company, but whose position is that of a Receiver, and (2) that there are no allegations of a definite plan or offer for the sale or conversion of the assets or a portion of them; and the other grounds of the demurrer were expressly passed over, but respondent's submission of them as sustaining grounds make them issues for our determination and they will be disposed of hereinafter.

Upon consideration of the complaint and the relevant grounds of the demurrer we are constrained to affirm the action of the Court with respect to the third ground, which we quote: "3. That no proposed plan or offer of sale or conversion of said insurance is set forth in the complaint, no allegation as to what portion or amount of the property of said company is proposed to be transferred or upon what conditions and the question or issue attempted to be raised is purely a moot question and is not properly before the Court."

The executive vice-president is an officer of the Court with similar duties and powers to those of a Receiver, and authority need not be cited for the postulate that one in such capacity, in order to submit to the Court any proposed disposition of the assets, or a portion of them, may be required to be definite in his proposal and recommendation in order that the Court may properly consider the same and take such testimony by way of investigation of the facts as may be deemed necessary and proper in the circumstances.

We think, however, that the complaint is entitled to the construction that it is an effort on the part of the executive vice-president to secure the instructions of

the Court upon the administration of his trust, a proper and well-known procedure, 53 C. J., 141; *South Carolina cases* in 29 West's South Eastern Digest and supplement, Receivers, key 110 *et seq.* And he should be allowed to amend as he may be advised, for which leave will be granted.

As to the first ground of the demurrer, which was also sustained below, we do not think that the allegations thereof constitute a proper and valid objection to the maintenance of the action. The latter is, as has been seen, in the nature of a seeking of the instructions of the Court by its officer in the administration of assets in its custody, and with all proper claimants to the funds before the Court in person or by proper representation, as appears in this case and no point is made thereabout in this appeal, such instructions may be properly sought and obtained, the later by the judgment of the Court; so the holding of the Circuit Court thereabout is reversed.

The learned Judge below was influenced in his decision by the case of *Killingsworth v. Pyramid Life Insurance Co.,* 183 S. C., 469, 191 S. E., 342, but before the Court then was a very different problem. It was sought by a Receiver in that action to recover from a foreign insurance company and obtain confirmation of a proposed settlement of the latter's alleged liability, which questions are not involved in the instant case which is, as has been said, more in the nature of an action for an adjudication of the rights of claimants, before the Court, to a fund already in hand, and an instruction thereabout of the custodian of the fund.

The first feature just mentioned, the conflicting claims of the holders of policies lapsed for nonpayment of premiums and the holders of "live" policies, with premiums paid, is rendered *res adjudicata* by the decision of this Court of the action in the original jurisdiction, filed herewith, and referred to above.

Turning to the sustaining grounds, which incidentally are barely touched in respondents' brief, we find that the first

is a repetition of the second ground of the demurrer, unde-
cided below, to the effect that the insurance contracts in-
volved were fraudulent in their inception being in the nature
of wagering contracts, on which account the Court will not
lend its aid to their enforcement or protection. On this fea-
ture of the case another company has appeared and as *amicus
curiae* filed an interesting and informative brief.

However, we think that the point is concluded by the
terms of Act No. 146 of the General Assembly of
1937, 40 St. at Large, p. 189. The Act plainly pro-
hibits the future issuance of contingent endowment policies,
and we think it equally applicable to the Unity policy desig-
nated 99-S which is a modified contingent endowment form,
except to the extent of filling the divisions and classes al-
ready established, which by unmistakable implication legal-
ized, if they needed it, such policies as had been issued be-
fore the enactment and provided for the continued issuance
for the purpose of filling the divisions and classes thereto-
fore created by existing companies, including Unity. This
legislative enactment established our public policy upon the
subject. *Weeks v. New York Life Insurance Co.,* 128 S. C.,
223, 122 S. E., 586, 35 A. L. R., 1482; *Alderman v. Alder-
man,* 178 S. C., 9, 181 S. E., 897, 105 A. L. R., 102.

The other position submitted to sustain the judgment
of the lower Court is that which constituted the
fourth ground of the demurrer, expressly "passed
over" by the Circuit Court along with the second ground,
aforementioned, that there has been no finding of the in-
solvency of the Unity Company, but we think that in urg-
ing this ground respondents' counsel overlooked the nature
of the pleading, a demurrer, which of course admits the al-
legations of fact contained in the complaint. The latter can-
not be read and accepted without the conclusion that the
company is hopelessly insolvent and the hope expressed that
the reserve funds applicable to current policies, trust funds
for that purpose as we have found, may be sufficient, leaves

out of account the large amount of other claims against the company against which the other assets, which will be applicable thereto, will yield only a small minority fraction of such total liabilities.

Thus we conclude that the sustaining grounds submitted are without merit and they are accordingly overruled.

The result of the foregoing is that the order of the Circuit Court is reversed in so far as the first ground of the demurrer is concerned, the same being hereby overruled, but it is affirmed in the disposition by it of the third ground, and the case is remanded, with leave to plaintiff, the executive vice-president, to amend his complaint as he may be advised at any time within a period of ninety days from the date of the filing in the Circuit Court of the remittitur herein, and that the action proceed in such Court in accord with the views which have been expressed.

Modified and remanded.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.