**In re UNITY LIFE INS. CO.**

No. 4385.

District Court, E. D. South Carolina.
Columbia Division.

Oct. 22, 1942.

W. E. Bowen and C. S. Bowen, both of Greenville, S. C., and R. L. Ballentine, of Anderson, S. C., for petitioners.

Wise & Whaley, Fred D. Townsend, and Henry H. Edens, all of Columbia, S. C., for respondents.

WARING, District Judge.

A petition has been filed praying that Unity Life Insurance Company be adjudicated with a view to corporate reorganization under Chapter 10 of the Chandler Act, Title 11 U.S.C.A. § 501 et seq. Petitioners claim to be creditors. The Unity Life Insurance Company through its executive Vice-President and Receiver has filed a plea to the jurisdiction and also an answer. The matter now comes before me on motion by the petitioners to dismiss this plea and to grant the petition.

The Unity Life Insurance Company is a fraternal benefit association organized under authority of the Statutes of South Carolina, Code of S.C. Section 8030 et seq. As appears by the petition filed in this cause it was chartered as a fraternal organization and the purpose for which it was organized, as shown by the Charter, appears as follows:

"The object and purpose of the corporation are to form a Fraternal Benefit Company, without capital stock, to be organized and carried on for the mutual benefit of its members and not for profit, and having a ritualistic form of work and representative form of government, and to make provision for the payment of benefits in accordance with the laws governing fraternal benefit companies. In addition to the payment of death benefits, the Company will also pay benefits to the oldest member of each group in which death oc-curs, contingent upon mortality experience in each group; such benefits on a reserve that shall be established and maintained upon a basis of not lower than the American Experience Table of Mortality, with one year preliminary term and interest assumption of four per cent.

"Other objects of this Company are to unite in bonds of fraternalism and benevolence, all acceptable persons of a good moral character and sound bodily health and who believe in the existence of a Supreme Being, to educate and improve the members, morally, socially and intellectually and to furnish insurance protection and benefits upon the lives of such of its members as may be entitled thereto under the laws, rules and regulations of the Company, for themselves and their beneficiaries as defined by law, as the member may direct, to insure and protect and benefit, in the event of loss by death, accident, sickness or other disability, old age or other causes, also to accumulate, maintain, apply, disburse among its members, a reserve, emergency endowment or other fund as may be provided in the laws, rules and regulations."

The Company apparently got into financial difficulties and considerable litigation has resulted. It appears that certain features of the affairs of the Company have recently been passed upon by the Supreme Court of South Carolina; one case brought in the original jurisdiction of that court and the other two on appeal from the Court of Common Pleas for Richland County. These cases are Powell v. Gary, S.C., 20 S.E.2d 391; Morris v. Unity Life Insurance Company, S.C., 20 S.E.2d 388; Ex parte Rowley, S.C., 20 S.E.2d 383. As a result of some of this litigation a receiver is now in charge of the assets of the corporation and the matter is under the direction and control of the Court of Common Pleas.

John Reginold Hoile, the President of the Company and four other parties have now joined in filing a petition in bankruptcy, alleging that the Company is insolvent; that it is a corporation over which the Bankruptcy Court has jurisdiction; and that there is need for a reorganization. They allege that their aggregate claims amount to more than $5,000.00. They pray that this court approve the petition and take appropriate proceedings for the purpose of reorganization under the Chandler Act. This petition sets out excerpts from

the Charter of the Company, the pertinent portions of which are hereinabove quoted. It alleges that the Company is a moneyed, business, or commercial corporation as contemplated by the bankruptcy act and contains other pertinent allegations and appropriate prayers. The petitioner Hoile, alleges that the Company is heavily indebted to him, the same arising from a contract between the Company and himself by which he was to receive a salary of $1,000.00 per month, the amount now due being $19,000.-00, and in addition, commissions upon business written, the unpaid portion of which he alleges now amounts to $97,000.00. The other petitioners all claim certain moneys due to them by reason of services performed, the amount of each of these, other than Hoile, is comparatively small.

A return was filed on behalf of the Receiver. This consisted of; first, a plea to the jurisdiction wherein it was claimed that this court is without power to grant the petition, in that the Company was not one that could be adjudicated under the Bankruptcy Act; and, second, an answer to the petition claiming that the State Court had acquired jurisdiction; the Company was in a receivership and under the control of such court; and that the petition for bankruptcy and reorganization was not filed in good faith; and denying the indebtedness and claiming that the petitioner, Hoile, had committed numerous and grievous acts of fraud upon the Company and that this claim was fraudulent.

On behalf of the petitioners a motion has been made for this court to dismiss the plea to the jurisdiction and also to pass upon and adjudicate the question of bankruptcy and to declare the Company one entitled to the benefits of the Bankruptcy Act and to put its assets into the hands of a trustee to be appointed by this court, with leave to submit to this court a plan for reorganization of the Company.

This matter came before me on October 9, 1942. At the beginning of the hearing application was made and granted for certain parties claiming an interest in the cause by reason of holding policies in the Company, to intervene and present their views and such other matters as might be appropriate in this proceeding. This leave was granted and the intervenors given an opportunity to take part in the presentation of the case. A number of exhibits were introduced in evidence by the respective parties consisting mostly of excerpts from the records in the proceedings in the State Court. Leave was given to introduce these since the court was urged so to do by the attorneys on both sides. To my mind, however, they have little, if any significance in the legal aspects of this cause. Arguments at considerable length were made as to the efficacy of disposing of this matter in the State Court proceedings and in the Bankruptcy Court, and in the course of the argument numerous charges were made of incompetence and waste on either side. These matters also appear to me to be inconsequential. The affairs of the Company appear to have been mismanaged because all parties seem to agree that it is insolvent and from the findings of the Supreme Court of South Carolina in the cases hereinabove referred to there must have been a shocking state of affairs in the conduct and management of the Company. But these proceedings are not brought for the purpose of correcting past mistakes. The point in issue is whether or not the affairs of this Company shall continue to be handled and its problems solved by the courts of the State of South Carolina or whether this court in the exercise of its bankruptcy powers shall take charge of the matter and attempt a reorganization. No plan of reorganization has been submitted. Of course this is not requisite under the terms of the Chandler Act until after adjudication is had. However, from reading the opinions of the State Court (cited above), it would not appear that in the normal course of human events there is any possibility of a true reorganization or rehabilitation of this Company. It would seem that the best that can be hoped for is some arrangement by which the funds in the hands of the receiver may be put in some safe place for the protection of such policyholders as have continued their membership. It does not seem of great moment as to whether supervision of this salvage shall be in the State or the Federal Courts.

But the important question is whether or not this court has the power to adjudge a corporation of this character a bankrupt, and next, if it has such power, whether it is required so to do, or may it refuse adjudication in the exercise of sound discretion. These two are the only real important questions before the court and will be considered in that order.

First: Is the Unity Life Insurance Company a corporation subject to be declared an involuntary bankrupt?

■ Title 11 U.S.C.A. § 506, authorizes corporate reorganization. But it limits such corporate reorganizations to those corporations which could be adjudged a bankrupt under this Title. In my opinion it is, therefore, necessary to consider whether or not the Company under discussion is such a corporation as could be declared an involuntary bankrupt under Section 22, of this Title. Section 526 provides for the application for reorganization by a voluntary bankrupt or for a petition against it to be filed by three creditors whose claims aggregate over $5,000.00. It has been argued to me that this provision modifies, amends and overrides the provisions of Section 22, and that *any* corporation may be declared a bankrupt provided the conditions of Section 526 are shown, namely: that there are three creditors whose claims aggregate over $5,000.00. I am of the opinion that this contention is entirely unsound and that the requirement of an aggregate of $5,000.00 of claims was not intended to repeal the former provisions requisite for bankruptcy, but was inserted for the reason that corporate reorganizations were not to be allowed in matters where only small claims were in issue and that no Company, the claims against which aggregated less than $5,000.00, should be put through reorganization proceedings. I am of the opinion and so hold, that Section 22 of the Bankruptcy Act is not altered or amended by the provisions of Sections 506 or 526, and that these are supplementary to the provisions of Section 22 and not in conflict therewith.

We must, therefore, consider the meaning of Section 22 to determine whether the Company now before the court is one that can be adjudicated an involuntary bankrupt. Much discussion and argument have been had as to whether or not this Company is an insurance company. Insurance companies are denied the benefit of the Bankruptcy Act by Section 22. By that section they are not subject to the Bankruptcy Act either as voluntary or involuntary bankrupts, so that if the Unity Life Insurance Company be held to be an insurance company the Bankruptcy Act will not apply and the petition for adjudication must be denied.

■ The business conducted by the Company was of course in the nature of life insurance. It seems to have issued a great number of different kinds of insurance, many of which probably were totally beyond the purview of its Charter and corporate powers. In the argument before me it has been claimed and many authorities cited to show that the actual business in which the Company was engaged should determine its status as a life insurance company. Under former provisions of the Bankruptcy Act such a contention might be valid. Under the terms of the present Act and under the later and more recent adjudications I think that this position is not well taken. The true purpose of the Company, that is to say, the purpose for which it was organized and in which it was intended that it should be engaged, should govern in determining whether or not the organization is an insurance company. The Charter itself, from which I have quoted, distinctly negatives the idea that this is an insurance corporation. It is referred to as a fraternal benefit association and is chartered under those sections of the Statutes of South Carolina which govern such associations. The Supreme Court of South Carolina has taken this view of the matter and in Powell v. Gary, supra, and the other cases hereinabove cited distinctly treats this Company as a fraternal benefit association and not an insurance company.

An examination of the Federal decisions does not disclose any satisfactory controlling decisions. There are a number of cases of course where fraternal benefit associations have been adjudicated voluntary bankrupts. There is no question in my mind as to such an association making use of the Bankruptcy Act. However, there seems to be a great dearth of authorities as to involuntary bankruptcy. Of course if this organization is an insurance company the language of the Act itself is plain authority without need of any construction by the court. But from the foregoing it will be seen that this corporation, while issuing policies of insurance, is not primarily an insurance company in the usual legal and business definition of that term. A case directly in point is that of In re Supreme Lodge of Masons Annuity, decided by the District Court for the Northern District of Georgia in 1923, 286 F. 180. In that case it was sought to have that Masonic organization adjudged an involuntary bankrupt. The organization was engaged in issuing policies of insurance and its business was substantially

the same as the Company here under discussion. The District Court decided that in determining the business of a corporation and as to whether it is an insurance corporation, the charter must be first looked to as well as consideration given to what business it does under the charter powers. The court decided that the Masons Annuity was not an insurance company although it did issue policies of insurance and, looking to its charter and considering how it was organized and managed, decided that it was a fraternal benefit association and not a company operated for profit, but for the mutual benefit of its policy holders. It had no stock and no stockholders. It was not organized to make profits for any one, but was run for the mutual benefit and relief of its members. Such an organization the court held is not a moneyed, business or commercial corporation and the petition for involuntary bankruptcy was refused. In the argument before me petitioners' attorneys took the position that this case was inferentially overruled by two cases subsequently decided in the 5th Circuit (Georgia being in the 5th Circuit). These cases are Grand Lodge Knights of Pythias v. O'Connor, 95 F.2d 477, and Grand Lodge Knights of Pythias v. McKee, 95 F.2d 474. I can not follow this suggestion since the two last abovenamed cases were both cases of voluntary bankruptcy and I have no doubt as to a fraternal benefit association being entitled to an adjudication on a voluntary petition. Of course the decision in the District Court for the Northern District of Georgia is in no way binding upon me. However, I find it very persuasive and agree with the opinion of Judge Sibley.

The next closest authority that I have found on this point is In re Order of Sparta, 242 F. 235, 236, a case decided by the Circuit Court of Appeals for the Third Circuit. That is a decision by a Circuit Court of Appeals and is, therefore, entitled to great weight and respect. However, the direct point under consideration here was really not considered in that case and while the court in passing says that the Order of Sparta was a business company that would seem to be a dictum rather than a decision. A careful reading of the case fails to disclose that that point was in issue or was raised by the appeal. A petition in bankruptcy was filed by certain holders of beneficial certificates of the Order and the Order answered the peti-

tion admitting insolvency in making assignments and stating its willingness to be adjudged a bankrupt. An adjudication was entered and later the holder of another certificate obtained a Rule to Show Cause why the adjudication should not be vacated setting forth as the ground "that the Bankruptcy Act did not cover the case of such an association". The only real issue in that case was whether or not the Order of Sparta being an unincorporated fraternal benefit association should be treated as a corporation under the Bankruptcy Act. The court itself says: "The question for decision is whether the phrase 'any unincorporated company,' in clause b of section 4, embraces such an association as the Order of Sparta. Undoubtedly, the Order is unincorporated; is it also such a 'company' as the act intends to include?" The court then discusses at some length the question of unincorporated companies and corporations and definitely decided that the term "company" includes such an unincorporated association. As above stated, it does refer to the Order of Sparta as a business company, but a reading of the opinion definitely shows that this is a dictum and not a decision. The Sparta case was decided in 1917, and Judge Sibley in 1923 in the Masons Annuity case, supra, refers to it as not controlling because it did not involve a corporation.

In the absence of any definite authority controlling in this Circuit, I am constrained to follow what I think the better line of reasoning and to hold that Unity Life Insurance Company is not a moneyed, business or commercial corporation as contemplated by the Bankruptcy Act. If, however, it should be determined that my decision should be governed by the nature of the business engaged in, rather than the authorization of its charter, the conclusion is inescapable that the company's only business activities were in insurance and it would be held to be an insurance company. In other words, I do not see how there is any escape from the conclusion that the company must be one of two things: First, a fraternal organization that is not a moneyed, business or commercial company, or Second, that it is an insurance company. If it is either it can not be adjudicated an involuntary bankrupt and, therefore, can not come within the terms of the Chandler Act.

In the argument before me many other issues were raised that I do not think

important or really relevant. However, both sides desired to introduce exhibits and discuss many features of the cases brought in the State Court involving the actions of this company and its officers. Petitioners charge that the receivership has been expensive and wasteful and have introduced copies of certain orders of the State Court making allowances for fees and commissions. A contract between the company and its President allowing commissions and fixing salaries was also put in evidence. Counsel on both sides urgently pressed these matters and desired that the court consider them. I do not deem it necessary or proper to go into the conduct of the business of the company or of the receivership. As to the arrangement between the President of the Company and the Company it is unnecessary for me to decide whether the contract of employment was valid and whether or not the commissions and salary arrangements were reasonable, or as suggested by the opponents to the adjudication, frauds upon the Company. The petitioners presented this contract in order to justify the claim of the President for back salary amounting to $19,000.00, and commissions amounting to $97,000.00. Counsel for the Receiver referred to the fact that the Supreme Court of South Carolina had apparently condemned the conduct of the Company by its President and Directors, saying "It should be added that it is unthinkable that the franchise and other assets of the Company should be returned to its President and other Directors in view of the contents of the record which need not be detailed. Under the facts and circumstances of this case such action would belie the very name of a court of equity unless there were no alternative." Ex parte Rowley, supra. Petitioners have also attempted to criticize what they term the allowance of large fees and expenses in the conduct of the litigation in the State Court. I do not deem it necessary or proper, however, for me to go into any of these matters. I am not familiar with the extent of the litigation or the services of the attorneys, receivers, auditors or other parties, in the State proceedings. All of these matters are under the direction and control of the State Court in whose sound discretion I have confidence. Therefore, the mere matter of expediency as to whether or not the affairs of the Company have been well handled by its officers or by the receivers and by the State Court is not one to control me in this decision. However, I do feel that some consideration must be given to the fact that this matter has been prosecuted in the State Court and that the decisions of the Supreme Court of South Carolina indicate that the matter is now in shape where the receiver is, or should soon be, in a position to bring it to a head and have it disposed of. That, therefore, raises the second question in this case, that is, as to whether or not I have any discretionary power to decide whether an adjudication by this court should be made; and if I have this power, should such discretion be exercised.

Second: Title 11, Section 546, U.S.C.A., provides what shall be meant by the requirement that a petition is filed "in good faith". The section sets out certain cases in which the petition shall be deemed not to have been filed in good faith, and in Subdivisions (3) and (4), it is provided that it is not filed in good faith if:

"(3) it is unreasonable to expect that a plan of reorganization can be effected; or

"(4) a prior proceeding is pending in any court and it appears that the interests of the creditors and stockholders would be best subserved in such prior proceeding."

No plan of reorganization was filed with the petition in the instant case. Of course it is not necessary that such a plan be filed with the petition, but it is proper for the court to inquire as to whether there is any reasonable likelihood of a plan of reorganization being effected. If the court comes to the conclusion that there is no chance of a reorganization and that liquidation is the only expedient the petition should be refused (see Notes under Title 11, Section 546, U.S.C.A., and cases there cited). The words "good faith" in the Act are unfortunate terms as such are generally taken to connote bona fides. However, the term as used in the Bankruptcy Act is a technical one and although the parties may be acting in complete good faith and sincerity, the Statute provides a certain meaning for the term "good faith". As above quoted from the Act, if it is found that a plan of reorganization can not be reasonably expected to be accomplished, or a proceeding is pending in another court which would seem to best subserve the interests of the parties involved, then the petition is not filed in good faith. See two rather recent cases from different Circuit Courts of Appeal, namely, In re Suburban Properties, 7 Cir., 110 F.2d 438,

and In re Julius Roehrs Co., 3 Cir., 115 F. 2d 723. See, also, Manati Sugar Co. v. Mock, 2 Cir., 75 F.2d 284, a case arising under former Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

I have considered the allegations in both the Petition and Return, which last includes a plea to the jurisdiction and the answer. I have also read the decisions by the Supreme Court of South Carolina hereinabove referred to. The almost inescapable conclusion from all of this is that the Unity Life Insurance Company can not be reorganized and carried on as a going concern. The pleadings in this case show that the business has fallen off and is fast dwindling and that while there are assets of value and contracts of insurance that should be carried out, the real problem is how to best wind up the affairs and take care of the policy holders rather than to attempt to reorganize and carry on the same business. In view of the language of the South Carolina Supreme Court it would be improper to return the corporation to its former management and no suggestion has been made to me as to what should or could be done excepting that some of the creditors are desirous of having their claims taken care of in a bankruptcy court rather than in a State Court. It appears to me that the showing of the petition when construed most favorably to its contentions leads one to the belief that what is needed is an orderly and proper system of liquidation to be economically handled so that something will be left of the assets of the corporation to be applied to the payment of the claims of creditors. I do not find any substantial allegations or facts that would lead one to the belief that the Company can be reorganized and I feel it my duty to give at least some thought to this feature before determining to grant the petition, assuming for the purpose of argument, that this is a corporation that could be adjudicated under the Bankruptcy Act.

It also appears that there is a prior proceeding pending in the State Court. The petitioners have made the point that the term "prior proceeding" in the Statute refers to a prior proceeding for reorganization. As a matter of fact, one of the proceedings in the State Court is a proceeding alleged to be for reorganization. The petitioners claim that the State Statute does not offer any method by which a reorganization can be effected such as contemplated by the Chandler Act. This is correct in that there is no State Statute quite similar to the Chandler Act. But the proceeding in the State Court is in a court with general equity power, which could, if it found that the facts warranted, authorize almost any form of liquidation, which would in effect bring about a reorganization. See In re 188 West Randolph Street Building Corporation, 7 Cir., 88 F.2d 257, certiorari denied Krensky v. Wolfe, 301 U.S. 685, 57 S.Ct. 785, 81 L.Ed. 1342.

For some time litigation has been pending in the State Court and the Supreme Court of the State has clarified the issues and laid down a chart by which further equitable proceedings can be had to subserve the best interests of the parties involved. This influences me greatly in arriving at the conclusion that the petition in this case does not come within the requirements of "good faith", as required by the Act.

In view of the definitions of "good faith" in Section 546, Subdivisions (3) and (4), hereinabove quoted, I am of the opinion that the petition is not to be deemed as filed in good faith and for that reason should be rejected and I hold that this finding is one which is within the discretionary powers of this court. See O'Connor v. Mills, 8 Cir., 90 F.2d 665. See, also, Remington on Bankruptcy Volume 10, Section 4457, et seq.

I, therefore find:

1. That Unity Life Insurance Company is a Fraternal Benefit Association, which is not a moneyed, business or commercial company, and that such business as it engaged in was insurance so that it can not be adjudicated under the Bankruptcy Act.

2. That even if this court has jurisdiction to adjudicate, the petition has not been filed in good faith as required by the Bankruptcy Act. And so

It is ordered:

That the plea to the jurisdiction be sustained, and

That the petition for adjudication be refused and dismissed.