**HOILE et al. v. UNITY LIFE INS. CO. (ROWLEY et al., Intervenor).**

No. 5055.

Circuit Court of Appeals, Fourth Circuit.

May 18, 1943.

134

C. S. Bowen, of Greenville, S. C. (Robert L. Ballentine, of Anderson, S. C., and W. E. Bowen, of Greenville, S. C., on the brief), for appellants.

Thomas B. Whaley and R. K. Wise, both of Columbia, S. C. (Wise & Whaley and Fred D. Townsend, all of Columbia, S. C., on the brief), for appellees.

Before SOPER, DOBIE and NORTHCOTT, Circuit Judges.

SOPER, Circuit Judge.

This appeal was taken from an order of the District Court whereby a plea to the jurisdiction was sustained and a creditors' petition for the reorganization of Unity Life Insurance Company, a South Carolina corporation, under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was dismissed. The theory of the creditors is that the debtor is a business, moneyed and commercial corporation entitled to reorganization under the terms of the Act; but the District Judge held that the debtor is not subject to reorganization in this way, because it is either a fraternal benefit company, and as such, not a moneyed, business or commercial corporation within the meaning of the Act, or it is an insurance company, and as such, expressly excluded from the terms of the Act. See 11 U.S. C.A. §§ 22, 506, 526.

The petition contains the following allegations as to the nature of the corporate business:

"Nature of Corporate Business.

"That the said Unity Life Insurance Company was organized and chartered by the State of South Carolina on or about the 12th day of October, 1934, under the Fra-

ternal Benefit Association Chapter of the South Carolina Code of 1932, embracing sections 8030 to 8072 thereof, both inclusive, and not under the insurance laws of said State, and is a fraternal benefit association, without capital stock and not operating for benefit, but for the mutual protection, relief and benefit of its members and their families, having a representative form of government, and incidentally, but not as its main purpose, issuing benefit certificates over the lives of its members, payable to said members, their families or designated beneficiaries.

"The nature of said company's business can be further explained by reference to Section 8030 of the Code aforesaid under which it was incorporated and with which it conformed, and which reads as follows:

" 'Any corporation, society, order or voluntary association without a capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, by a lodge system with ritualistic form of work and a representative form of government, and which may make provision for the payment of benefits, in accordance with section 8034, is hereby declared to be a fraternal benefit association.'

"Additional light on the nature of the company's business is given by the application upon which its charter was issued, the pertinent portion thereof being as follows:

" 'The object and purpose of the corporation are to form a Fraternal Benefit Company, without capital stock, to be organized and carried on for the mutual benefit of its members and not for profit, and having a ritualistic form of work and representative form of government, and to make provision for the payment of benefits in accordance with the laws governing fraternal benefit companies. * * *

" 'Other objects of this Company are to unite in bonds of fraternalism and benevolence, all acceptable persons of a good moral character and sound bodily health and who believe in the existence of a Supreme Being, to educate and improve the members, morally, socially and intellectually and to furnish insurance protection and benefits upon the lives of such of its members as may be entitled thereto, under the laws, rules and regulations of the Company. * * * *' "

Other allegations of the petition show substantially the following facts: The assets of the debtor amount to $171,455.44

and the liabilities to $309,412.57, which include $139,470 in reserves, required to be held to secure the payment of certain benefit certificates. The debtor has more than three thousand members with benefit certificates insuring the members against death, accident and dismemberment, in the sum of approximately $2,400,000. For the last eleven months of the calendar year 1941, dues and premiums collected from the members amounted to $77,657.53 against $15,799.78 in death claims, and $6,764.59 in cash surrender values paid out during the period; and during said period the debtor received an income on investments of $7,-138,12. As the result of the financial condition of the corporation and of certain irregularities in the management of its affairs, a receiver was appointed in the Court of Common Pleas for Richland County, South Carolina; and various questions were raised which were considered on appeal by the Supreme Court of South Carolina wherein the corporation was treated and classed as a fraternal benefit association under the laws of the State, and it was pointed out that such associations are not subject to the laws governing insurance companies except those that are made especially applicable. See Powell v. Gary, 200 S.C. 154, 20 S.E.2d 391; Ex parte Rowley et al., 200 S.C. 174, 20 S.E.2d 383; Morris v. Unity Life Ins. Co., 200 S.C. 166, 20 S.E.2d 388.

■ This recital of facts clearly shows the alternative perceived by the District Judge that the corporation debtor was either a fraternal benefit association or an insurance company, and requires the conclusion that in either aspect it is not subject to reorganization under the Bankruptcy Act. Considering first the status of the corporation as a fraternal benefit association and the power of the court to subject it to reorganization in an involuntary proceeding, we must apply § 106 of the Bankruptcy Act as added by the Act of June 22, 1938, Ch. 575, § 1, 52 Stat. 883, 11 U.S.C.A. § 506. This section defines a corporation for the purpose of Chapter X as a corporation which could be adjudged a bankrupt under the Act. Section 1 of the Act of June 22, 1938, 11 U.S.C.A. § 1, declares that " 'persons' shall include corporations except where otherwise specified"; and § 4, subd. a of the Act, 11 U.S.C.A. § 22, sub. a, provides "that any person, except a municipal, railroad, insurance, or banking corporation or a building and loan association,

shall be entitled to the benefits of this title as a voluntary bankrupt." Under these provisions a fraternal benefit association could be adjudged a bankrupt in a voluntary proceeding; and so it has been held In re Carthage Lodge, D.C.N.D.N.Y., 230 F. 694; In re Grand Lodge, D.C.N.D. Cal., 232 F. 199; Grand Lodge, Knights of Pythias v. O'Connor, 5 Cir., 95 F.2d 477; Grand Lodge, Knights of Pythias v. McKee, 5 Cir., 95 F.2d 474.

The proceeding in the pending case, however, is involuntary in character and we must apply subsection (b) of § 4 of the Act, 11 U.S.C.A. § 22, sub. b, which provides "that any natural person, except a wage earner or farmer, and any moneyed, business, or commercial corporation, except a building and loan association, a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial and shall be subject to the provisions and entitled to the benefits of this title."

■ It is contended that Unity Life Insurance Company is "a moneyed, business or commercial corporation" because of the money and property which it owns and the moneys which it collects and pays out in benefits. But this contention is untenable because the phrase by judicial interpretation and reenactment has acquired a meaning which limits it to corporations organized for profit, and the facts in the pending case show that the debtor corporation was organized under the South Carolina statute "for the mutual benefit of its members and their beneficiaries and not for profit". In a similar case, In re Supreme Lodge of the Masons Annuity, D.C.N.D. Ga., 286 F. 180, 184, to which we had occasion to refer in Sims v. Fidelity Assur. Ass'n, 4 cir., 129 F.2d 442, Judge Sibley held that a fraternal benefit association is not subject to involuntary bankruptcy as a moneyed, business or commercial corporation. See, also, In re Deauville, Inc., D.C.Nev., 52 F.2d 963; cf., In re Roumanian Workers' Educational Ass'n, 6 Cir., 108 F.2d 782; In re Wisconsin Co-op. Milk Pool, 7 Cir., 119 F.2d 999. We are in accord with this view. The precise question for decision in the cases of In re Order of Sparta, 3 Cir., 242 F. 235, and In re William McKinley Lodge No. 840, F. & A. M., D.C.S.D.N.Y., 4 F.Supp. 280, cited in opposition to this conclusion, was whether an

*unincorporated* fraternal benefit association might be subjected to bankruptcy in an involuntary proceeding, and hence they differ from the pending case in an important particular. We cannot follow these decisions insofar as they may be supposed to support views inconsistent with those herein expressed.

Looking at the pending case from the other aspect, it may be urged that we should disregard the charter of the debtor corporation, the statute law of South Carolina, under which it was formed, and the decisions of the Supreme Court of South Carolina, to which we have referred, and should find that the debtor corporation was a fraternal organization in name only, but an insurance company in reality. In respect to such a situation we made the following comment in Sims v. Fidelity Assur. Ass'n, 4 Cir., 129 F.2d 442, 451:

"These authorities establish the rule that in determining whether a corporate debtor is a member of the excepted classes, the provisions of the state law must be given predominating influence. This is not to say that the classification of a state statute must be followed literally in every instance without any regard whatsoever to the real activity of the corporate body. The course of decisions, even in the Second Circuit, where perhaps the rule of state classification has been most strongly stated, indicates that the spirit rather than the letter of the local statutes should prevail; In re Prudence Co., 2 Cir., 79 F.2d 77; Empire Title & Guar. Co. v. United States, 2 Cir., 101 F.2d 69; and the mere fact that a state may have provided for state supervision and liquidation of a kind of corporation does not of itself bring them within the excepted class. In re Prudence Co., supra; Capital Endowment Co. v. Kroeger, 6 Cir., 86 F.2d 976."

But if we should adopt this view of the facts, the decision must necessarily be the same, for insurance corporations are expressly excepted from adjudication in bankruptcy in either voluntary or involuntary proceedings.

Having reached these conclusions, we have no need to consider whether the financial condition of the debtor corporation, as shown by the allegations of the petition, is so unsound as to support the additional conclusion of the District Judge that the petition for reorganization must be dismissed because it was not filed in good faith within the meaning of the Act,

in that it is unreasonable to expect that a plan of reorganization can be affected. See § 146 of the Act as added June 22, 1938, 11 U.S.C.A. § 546. It is established by the decision in Fidelity Assur. Ass'n v. Sims, 63 S.Ct. 807, 87 L.Ed. ——, that reorganization proceedings under Chapter X cannot be resorted to for the mere purpose of liquidation.

Affirmed.