**DUBLADENHILL, INC., Appellant,**

v.

**Douglas N. SHARRETTS, Appellee.**

**No. 10748.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1967.

Decided March 31, 1967.

Joseph I. Huesman, Baltimore, Md., for appellant.

Melvin J. Sykes, Baltimore, Md. (Paul Berman, Baltimore, Md., on brief), for appellee.

Before BOREMAN and CRAVEN, Circuit Judges and RUSSELL, District Judge.

RUSSELL, District Judge.

The question posed by this appeal is whether the District Court erred in dismissing for want of good faith, and without leave to amend, a petition for corporate reorganization under Chapter X of the Bankruptcy Act.

The petitioner is a Maryland corporation, whose corporate history is fully set forth in Holmes v. Sharretts, (1962) 228 Md. 358, 180 A.2d 302, 98 A.L.R.2d 363. It was formed by one Basiliko and associates to acquire for development certain Maryland properties then owned by one Offenberg. The corporate form was resorted to because Offenberg, who apparently had had some prior unsatisfactory business relations with Basiliko, was unwilling to deal with Basiliko or any

agent acting for him. In order to induce Offenberg to sell to the Corporation it was necessary for the corporation and its stockholders to execute a number of management contracts and agreements. Included in these agreements were a voting trust vesting complete control of the corporation in R. Carleton Sharretts, Jr., until the happening of certain specified events and certain management arrangements providing for substantial compensation, largely contingent, to the said R. Carleton Sharretts, Jr., and his brother Douglas N. Sharretts.

After completion of the purchase of the property, Basiliko sought, by an action in the State Court, to void the voting trust and management agreements with the Sharretts. In upholding the voting trust and management contracts, the Court summarized the effect of the various agreements, including the use of the corporate form, as creating, for all practical purposes, "a joint venture" between Basiliko and Sharretts, having as its purpose "one essential end—that of acquiring the properties in question and disposing of them at a substantial profit". Holmes v. Sharretts, supra, (228 Md. 358, 180 A.2d 302, 308).

The petitioner has long since disposed of "the properties in question" and its assets and properties presently consist only of cash and purchase money notes given in partial payment for portions of the real estate developed, plus the value, if any, of certain disputed claims against both Basiliko and Carleton Sharretts, Jr. On the other hand, the undisputed liabilities of the petitioner, as shown by the petition, are but a fraction of the admitted assets, though, again, there are, in addition, disputed claims asserted by both Basiliko and Carleton Sharretts, Jr., against the petitioner.

Two actions, involving the petitioner, are pending in the Circuit Courts of Maryland. The first, instituted by Douglas N. Sharretts following disagreement with his brother Carleton, sought recovery of the amounts due him under the various agreements with the petitioner and his brother Carleton. The second action was begun by Basiliko to void the voting trust which foreclosed him from participating in the affairs of the petitioner and to require discovery and an accounting by Carleton Sharretts, Jr.

In the action filed by Douglas Sharretts, an order was entered in the latter part of 1965, awarding him a money judgment against the corporation for $50,000, and referring the matter of his other claims against the petitioner and his brother, under the management contracts, to a Master. A lien in favor of such judgment was acquired by sequestration by Commissioners of the Circuit Court of Baltimore City on December 9, 1965. Appeal from this decree was given but appeal was dismissed for failure to file the record within the time allowed therefor by an agreed extension.

Basiliko's suit, in turn, resulted in a decree terminating the voting trust and referring all other questions, "including but not limited to" the validity and amount, if any, of Carleton Sharretts' claims against the petitioner, to a Master, "preferably the same Master who will hear" the remaining issues in the Douglas Sharretts' suit.

After Basiliko filed his action, he entered a motion to intervene in the Douglas Sharretts' suit. His motion was denied. He next asked the Court to enjoin the payment of any judgment entered in that proceeding and this request was granted. But, following the entry of the Court's order in Basiliko's case and after the appeal in Douglas Sharretts' suit was dismissed, the Court vacated this injunction and directed the Commissioners of Sequestration to pay the balance (a prior payment having already been made) due on the judgment awarded Douglas Sharretts. Payment was made by check, presentment of which was delayed until the issuance of the order herein challenged.

Shortly after the entry of the decree directing payment of Douglas Sharretts' judgment and on the same day, this petition was filed.

Following the filing of the petition, Douglas Sharretts appeared and filed an answer, denying that the petition was

filed in good faith and asserting, among other pleas, that there was no possibility of reorganizing the petitioner and that the interests of all concerned could be best served in the proceedings pending in the state courts.

After a hearing, during which testimony was taken, the District Court dismissed the petition as not filed in good faith and denied petitioner any right to amend. This appeal followed.

■ 11 U.S.C.A. Section 541, provides that the District Court shall dismiss a petition for corporate reorganization under Chapter X if not satisfied that it is filed in good faith. What constitutes good faith within the intendment of this Chapter is itself defined in Section 546, 11 U.S.C.A. By this definition, a petition is not filed in good faith if "a plan of reorganization cannot be reasonably expected to be accomplished, or a proceeding is pending in another court which would seem to best subserve the interests of the parties involved * * *." In re Unity Life Ins. Co. (D.C.S.C.1942), 47 F.Supp. 355, 360, aff. on other grounds, Hoile v. Unity Life Ins. Co., 136 F.2d 133, 148 A.L.R. 710.

It is settled, too, that the District Court's decision "as to whether a given petition has been filed in good faith is a finding (of fact) that will not be set aside unless clearly erroneous." Grubbs v. Pettit (C.C.A.Pa.1960) 282 F.2d 557, 562.

■ We find no such error in the District Court's finding. The petitioner was organized for what the Maryland Court found was in effect a "joint venture" to develop certain specific properties and, upon the completion of such development, to distribute the profits therefrom between the venturers. The purpose for the petitioner's creation has been accomplished. Its properties have

been converted into cash or promissory notes. There are far more assets than are needed to discharge all the undisputed debts of the petitioner. The only issue delaying a distribution among the joint venturers revolves about the conflicting claims asserted by the joint venturers themselves against the petitioner and, in turn, by the petitioner against them. Actions are pending, as we have already indicated, in the Maryland Courts to determine the validity of all these claims. Under these circumstances, the finding by the District Court that these claims can be adjudicated more expeditiously in such actions long in litigation in the State Courts cannot be disturbed on appeal.

Nor can error be found in the Court's refusal to allow an amendment of the petition "so as to bring its action within the scope of Chapter XI of the Bankruptcy Act or to have Debtor declared a bankrupt." There is no basis in the record for a conclusion that an arrangement among creditors (which, in this case, would be between Basiliko and Sharretts) is possible so as to support a proceeding under Chapter XI. So much the petition itself recognizes, for it includes the specific allegation that "Adequate relief cannot be obtained under Chapter XI." Actually, the whole controversy herein revolves about the conflicting claims of Sharretts and Basiliko. These claims are vigorously disputed between them. Basiliko denies the validity of Sharretts' claims and Sharretts disputes Basiliko's claims. And the validity of such claims is the very issue to be resolved in the proceedings in the State Court.

Under these circumstances, the action of the District Court in refusing to take over such proceedings under the guise of a proceeding under either Chapter X or Chapter XI may not be disturbed.

Affirmed.