**In the Matter of ALLEN UNIVERSITY,**
**an educational corporation chartered**
**by the State of South Carolina, Debtor.**
**No. 73-1897.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1974.

Decided May 16, 1974.

Gerald M. Finkel, Columbia, S. C. (Stanley H. Kohn, Kohn & Finkel, Columbia, S. C., on brief), for appellants.

David W. Robinson, Columbia, S. C. (Robinson, McFadden, Moore & Pope, Columbia, S. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

On May 21, 1973, creditors of Allen University filed in the district court a petition under 11 U.S.C. § 526 asking that Allen University be reorganized under the provisions of Chapter X of the Bankruptcy Act, 11 U.S.C. §§ 501–676. The district court dismissed the petition on the basis that, since Allen was not a "moneyed, business, or commercial cor-

poration" within the intendment of 11 U.S.C. § 22(b), an action could not be maintained against it for involuntary reorganization under Chapter X.

In this appeal, petitioners contest both the district court's holding that an eleemosynary educational corporation may not be the subject of involuntary reorganization under Chapter X of the Bankruptcy Act, and also the court's finding that Allen University is not a "moneyed, business, or commercial" corporation. We affirm both aspects of the decision of the district court.

Allen University is a nonprofit, eleemosynary educational institution operating a four-year college in Columbia, South Carolina. It is controlled and primarily supported by the African Methodist Episcopal Church of South Carolina. Indeed, a majority of its Board of Trustees is composed of ministers and representatives of this church. The Board is elected by the church conference. The petitioners in this appeal are, for the most part, teachers and employees of Allen University who are owed back wages. They claim that the university is insolvent and has preferentially paid other creditors. They also contend that the normal provisions of Chapter XI of the Bankruptcy Act are not adequate and, consequently, that the university is in need of reorganization under Chapter X in order to continue its educational work and pay its debts.

 In Hoile v. Unity Life Ins. Co., 136 F.2d 133, 135 (4th Cir. 1943), we held that the eligibility of a corporation for relief under Chapter X depends in the first instance on its eligibility to be adjudged a bankrupt in ordinary bankruptcy. Thus, voluntary petitions may be filed under Chapter X by corporations which can be adjudicated bankrupt on voluntary petitions; involuntary petitions may be filed against corporations against which involuntary petitions in ordinary bankruptcy can be filed. We see no reason to depart here from our previous holding.[1]

---

1. Accord, 6 Collier on Bankruptcy ¶ 2.07[2] (14th Ed.1972); 11 Remington on Bankruptcy §§ 4416, 4424 (1961 rev.).

11 U.S.C. § 506, which defines the term "corporation" for the purposes of Chapter X, states that " 'corporation' shall mean a corporation, as defined in this title, *which could be adjudicated a bankrupt under this title.* . . ." [Emphasis added.] 11 U.S.C. § 1 provides, for purposes of the Bankruptcy Act, that "[p]ersons shall include corporations except where otherwise specified. . . ." 11 U.S.C. § 22(a) provides that "[a]ny person, except a municipal, railroad, insurance, or banking corporation or a building and loan association, shall be entitled to the benefits of this title as a voluntary bankrupt." Thus, under this provision, in a proper case, it would seem an eleemosynary educational institution could ·be adjudged a bankrupt in a voluntary proceeding.

Because this proceeding is involuntary, however, we must look to subsection (b) of 11 U.S.C. § 22. The statute there provides that "[a]ny natural person, except a wage earner or farmer, and any moneyed, business, or commercial corporation, except a building and loan association, a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial and shall be subject to the provisions and entitled to the benefits of this title." Consequently, in order to be adjudged an involuntary bankrupt under Chapter XI, or to be involuntarily reorganized under Chapter X, a debtor corporation must fall within the definition of "moneyed, business, or commercial." Hoile v. Unity Life Ins. Co., 136 F.2d 133 (4th Cir. 1943); accord, In re Michigan Sanitarium & Benevolent Ass'n., 20 F.Supp. 979 (E.D.Mich.1937); contra, In re Maryvale Community Hospital, Inc., 307 F. Supp. 304, 306 n. 4 (D.Ariz.1969), aff'd per curiam, 456 F.2d 410 (9th Cir. 1972).

By judicial interpretation, the phrase "moneyed, business, or commercial corporation" has acquired a meaning which limits it to corporations organized for profit. See Hoile v. Unity Life Ins. Co., 136 F.2d 133, 135 (4th Cir. 1943). Although Allen University has been chartered as a corporation, as the petition alleges, there is neither capital stock in the corporation nor a return of capital to investors outstanding. Indeed the record discloses no investors. Moreover, although it may be true, as the district court found, that the University carries on a number of activities, some of which could, standing alone, be characterized as commercial in nature, including the operation of a day-care center and University apartments, offering of certain printing services to the public, leasing of two houses in Columbia, and the operation of Reed Center in Charleston, these activities are only ancillary to the institution's main purpose of education. We are of opinion that such ancillary activities do not bring Allen University within the realm of a "moneyed, business, or commercial corporation." [2]

Accordingly, the district court property sustained the plea to the jurisdiction, and its decision is

Affirmed.

---

2. Similarly, the fact that, according to its charter, Allen University may sue and be sued should not be determinative of its status as a "moneyed, business, or commercial corporation," since, under general South Carolina law, charitable corporations may sue and are subject to suit. S.C.Code Ann. § 12-758 (Cum.Supp.1971).